CHARLES E. BONNET, JR., et al.

v.

THE HOPE MANUFACTURING COMPANY et al.

1. A chattel mortgage was given by a trading corporation to F. to secure a debt of $2,000 due to himself and also certain debts due to seven other persons, aggregating $153,000. The affidavit annexed was made by F., and stated that the mortgage was made to him as trustee to secure the payment of certain indebtedness of the mortgagor, specifying the several sums and persons to whom due, and stating in each instance that the indebtedness consisted of money loaned and advanced to the mortgagor by the creditor named, and that there was due in the aggregate the sum above mentioned, but did not state that the deponent was the agent or attorney of the several creditors or either of them, or that he had any personal knowledge of such consideration.—*Held*, that the affidavit was insufficient except *as to the amount due to the trustee.*

2. Several months after the giving of the mortgage, and before any possession had under it, the sheriff levied on the mortgaged chattels by virtue of executions against the corporation, and after such levy F., the trustee, made the sheriff his bailiff to hold and sell the chattels. He permitted the corporation to use some of the chattels while in his possession. Before a sale creditors of the corporation filed a bill for a receiver and obtained an injunction restraining it. By arrangement the sale proceeded and a portion of the proceeds were paid into court to answer the demands of the laborers for wages due.—*Held*, that the possession taken by the trustee did not validate the mortgage as against judgment creditors.

3. The spirit of the provision of the Chattel Mortgage act requiring an affidavit is that the affidavit should be made by the actual creditor or one who has personal knowledge of the consideration of the mortgage.

Bonnet v. Hope Manufacturing Co.

On hearing on pleadings and proofs.

*Mr. John J. Crandall*, for the complainants.

*Mr. Thomas E. French* and *Mr. Martin P. Grey*, for the defendants.

PITNEY, V. C.

This is a bill by laborers in the employ of the defendant corporation to obtain payment for wages due them upon the failure of the company.

The chattels of the company were about to be sold by the sheriff by virtue of divers executions in his hands and under a chattel mortgage held by the defendant Fletcher, when, upon the intervention of the complainants by their bill, a sum of money, part of the proceeds of the sale, was paid into court to abide the event of the suit.

The defendants agree that the case shall be heard in all respects as if there had been a decree of insolvency made against the corporation defendant and a receiver appointed, and the money were in the hands of such receiver, who was himself attacking the mortgage. It was also admitted that the complainant and others were employes of the corporation and entitled to priority of payment over ordinary creditors.

It has been recently held in this court that a receiver appointed in proceedings in insolvency in this court against a corporation is in a position to attack the mortgage as a judgment creditor. *Receiver of Graham Button Co.* v. *Spielmann, 5 Dick. Ch. Rep. 120.* The only question herein litigated is as to the validity of the chattel mortgage held by the defendant Fletcher, and the only ground of objection to it is that the affidavit annexed to it is insufficient.

The mortgage is dated April 14th, 1891, and recites that the corporation is indebted to different individuals (naming them) in different sums of money (specifying them), and that the corporation had, by a vote of its directors, authorized the officers to execute the mortgage to Fletcher, in trust, to secure notes for the

payment of such indebtedness.   It then recites divers notes given to several creditors, but nowhere expresses their consideration, and proceeds to convey certain lands and chattels to Fletcher, in trust for the several creditors previously named, to secure them their several debts &c.

The affidavit is made by Fletcher, and is as follows:

" Leonard R. Fletcher, the mortgagee in the foregoing mortgage named, being duly sworn on his oath says that the true consideration of said mortgage is as follows, viz.: That the said mortgage is made to deponent as trustee to secure the payment of certain indebtedness of the Hope Manufacturing Company as follows:—an indebtedness to George G. Green of six thousand dollars for money loaned and advanced to said Company with interest to this date; an indebtedness to Hulbert H. Warner of Thirty two thousand seven hundred and thirty nine dollars and eighty nine cents for money loaned and advanced to said Company with interest to this date; an indebtedness to James F. Hope of Twenty five thousand dollars for money loaned and advanced to said Company with interest to this date; an indebtedness to Jeremiah G. Donaghue of Eight Thousand dollars for money loaned and advanced to said Company with interest to this date; an indebtedness to M. E. Bonnet of Four thousand four hundred and twenty one dollars and seventy nine cents for money loaned and advanced to said Company with interest to this date; an indebtedness to Leonard R. Fletcher of Two Thousand Dollars for money loaned and advanced to said Company with interest to this date; an indebtedness to John F. Hope of Seventy Thousand Eight Hundred and Ten dollars and eight cents for money loaned and advanced to said Company with interest to this date; an indebtedness to Bernard Corr of Four thousand dollars for money loaned and advanced to said Company with interest to this date; which said several indebtednesses are represented by the promissory notes in the foregoing mortgage particularly mentioned and set forth, and for the payment of which said several notes the said mortgage is security, and that there is due on said mortgage the sum of one hundred and fifty two thousand nine hundred and seventy one dollars and seventy six cents, besides lawful interest thereon from the fourteenth day of April in the year of our Lord one thousand eight hundred and ninety one."

It was held by this court, and I think rightly, in *Ehler* v. *Turner, 8 Stew. Eq. 68,* that the section of the statute (*Rev. Sup. p. 491 § 4*) requiring that an affidavit of consideration should be annexed to a chattel mortgage, was enacted for the same purpose as that (*Rev. p. 83 § 11*) requiring an affidavit of the consideration of judgments by confession.

Under that statute an affidavit, in the general terms here used,

has been held sufficient. Chief-Justice Ewing, in *Scudder* v. *Coryell, 5 Halst. \*343,* says : "A minute detail of sums and dates does not seem required by anything in the statute ; a specification is not prescribed. The practice under the statute has been, I believe universally and I think correctly, to state the consideration in general terms."

The serious question here is, whether the affidavit is made by the person required by the statute. The statute declares that it must be made by the "holder or holders, his or their agent or attorney." Neither the mortgage itself nor the affidavit shows that Mr. Fletcher was either the agent or attorney of the several beneficiaries under the instrument in question other than himself, and it was very properly conceded by counsel for the defendant that the affidavit could not be maintained on that ground. But it was contended that he was the very mortgagee and holder himself, and the proper person of all others to make the affidavit.

It was said in *Latham* v. *Lawrence, 6 Halst. \*325,* that the object of the legislature in requiring this affidavit in the case of a judgment "was to require, upon the conscience of the creditor, a statement of the true consideration of the bond," and this language was adopted, by a paraphrase, by Vice-Chancellor Van Fleet, in *Ehler* v. *Turner,* as applicable to the affidavit to be annexed to a chattel mortgage. The spirit of the legislative requirement is that the affidavit should be made by one who has knowledge of what he affirms. It is to his conscience that appeal is made. To appeal to the conscience of one who has no knowledge is to waive all appeal.

With this view of the object and purpose of the act the question is, What is meant by the words "the holder or holders of said mortgage?" I think they mean the person who at the moment of making the affidavit is the creditor and beneficiary under the mortgage, whether he be the mortgagee, assignee of the mortgage or *cestui que trust* of the mortgagee.

The real creditor and beneficiary is the person who is supposed to have knowledge as to the matters required to be sworn to, and it is to *his* conscience that appeal is made. As before remarked, it was admitted by counsel that the affiant here was in no sense

the agent or attorney of either of the seven beneficiaries named
in the mortgage other than himself. He does not by his affi-
davit so state, nor does he show any source of knowledge from
which he obtained his information. The bill alleges that
Fletcher had no knowledge of the true consideration of the notes
given to the several *cestuis que trust*, and sets out in particular
that the note given to one of them, Mrs. Bonnet, was so given
for goods sold and not for money loaned. To this allegation
Fletcher answers that he was informed by the president of the
insolvent company, and believed, that the whole of the indebt-
edness so sworn to was for cash to that amount loaned and
advanced, and that if the indebtedness to Mrs. Bonnet was not
for borrowed money, as to which he has no knowledge, it was
an innocent and unwitting mistake.

Is such an affidavit sufficient?

It has been said, and very properly, that in the case of a judg-
ment on a bond and warrant of attorney which has come—years,
perhaps, after its date—to the hands of an executor, adminis-
trator, guardian or other trustee, or to an assignee, the same
strictness in the affidavit in the matter of the consideration is
not required as would be if the judgment were entered in favor
of the obligee. The present holder in such case, not being privy
to the original transaction, cannot be expected to speak as to it
with certainty and precision. But this consideration does not
find any place in the case of a chattel mortgage, the affidavit to
which is made at its date, and must be placed upon the record
as soon as made, the real creditors being present in person or by
their agents, and in a position to make the required affidavit.
In such case there is no reason why the statutory requirements
should not be strictly fulfilled.

The present case exhibits the necessity of requiring it to be so
fulfilled. A mortgagee, who was a mere figurehead, except as
to $2,000, swears to an indebtedness of $153,000, and that it
was all for so much money loaned—a remarkable circumstance—
upon the mere say-so of the president of the mortgagor com-
pany, and that indebtedness includes a debt to the president

himself of $78,000. A more facile mode of putting on the record a fictitious mortgage could hardly be devised.

But it was contended that this mortgage must be held valid in the present instance, irrespective of the sufficiency of the affidavit, for the reason that the trustee, Fletcher, was in possession of the mortgaged chattels before the insolvent proceedings were commenced.

The precise facts are, that the sheriff levied upon and took possession of these chattels by virtue of divers executions in his hands, issued upon judgments recovered against the mortgagor, the manufacturing company; and while so in possession, Fletcher, the mortgagee, gave to him, and he accepted from Fletcher, an appointment, in writing, of bailee of Fletcher to seize, hold and sell the chattels covered by this mortgage. The original entry by the sheriff, and the appointment, were made several months after the date of the mortgage. While so in possession the sheriff permitted the manufacturing company to make use of some of the mortgaged chattels, and it was argued that this was a recognition by the manufacturing company of the possession by the sheriff of these goods as the bailee of the mortgagee. The argument was that the transaction amounted to the putting by the owner, the manufacturing company, of Fletcher, the trustee for its creditors, in possession of the chattels, with power to sell and apply the proceeds to the payment of the debts secured by the mortgage.

I think this argument is defective in two respects. In the first place, I do not think that the dealings between the manufacturing company and the sheriff amounted to a putting of the chattels in his hands as bailee of Fletcher, with power to sell to pay the debts. His original entry into possession was by virtue of the executions; and the recognition of his right of possession, so far as there was any recognition, may as well be referred to his right under the execution as to his right as bailee of Fletcher. There was no proof that the manufacturing company, at the time they obtained permission from him to use the goods, knew that he was in possession in any other capacity than that of sheriff.

Bonnet *v.* Hope Manufacturing Co.

But further: there was no proof that anything was due from the manufacturing company to any of the *cestuis que trust* under the mortgage. The original bill did not make the *cestuis que trust* parties, but contented itself with bringing in Fletcher, and, by leave of the court, an amended bill was afterwards filed, to which all persons interested were made parties. Counsel contended that the original bill admitted the indebtedness of all the *cestuis que trust*. I do not so construe it. The answer of Fletcher was not under oath, as was erroneously supposed by counsel at the argument, and makes no allegation in that behalf, but simply admits that the various *cestuis que trust* were creditors of the Hope Manufacturing Company in the aggregate amount of the mortgage, and that he believed that the whole of the indebtedness was for cash loaned, being so informed by the president of the institution. The amendment to the bill then brought in question the *bona fides* of the mortgage, and charged, in substance, as I read it, that it was given without consideration. The answer to the amendment alleges that the notes mentioned in the mortgage were given for money loaned and do represent an actual cash indebtedness for the full amount named. No proof whatever was offered at the hearing of any indebtedness from the manufacturing company to either the trustee or any of the *cestuis que trust*.

The existence of an actual indebtedness is a necessary part of the theory upon which counsel attempted to sustain this chattel mortgage, in the absence of a sufficient affidavit.

The act of May 2d, 1885, concerning chattel mortgages (*Rev. Sup. p. 491*), in its fourth section, declares that—

"Every mortgage or conveyance intended to operate as such of goods and chattels, which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be *absolutely void* as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation made and subscribed by the holder or holders of said mortgage, his or their agent or attorney, stating the consideration of said mortgage, and as nearly as possible the amount due and to grow due thereon, be recorded as directed in the succeeding section of this act."

Now, it follows that if the affidavit to this mortgage is insufficient, as I have held it to be, the mortgage is absolutely void against the receiver in this case, who was held, as before stated, to represent the creditors, and therefore to have the standing of a judgment creditor. *Receiver of Graham Button Co.* v. *Spielmann, 5 Dick. Ch. Rep. 120.*

In that case it was pointed out and held that as against creditors, or one standing in the place of creditors, notice of the previous mortgage would not validate it, and that if the affidavit was defective, as was there the case, it was absolutely void. The learned vice-chancellor, in that connection, uses this language (*p. 123*): "The statute makes a wide distinction between creditors and subsequent purchasers and mortgagees. A subsequent purchaser or mortgagee, to be in a position where he may take advantage of the failure on the part of a prior mortgagee to comply with the terms of the statute, must have made his purchase or taken his mortgage in good faith—that is, without notice of such prior mortgage, but not so with a creditor. He may know when his debt accrues that his debtor's property is already subject to a mortgage; yet, if such mortgage has not been executed and recorded in accordance with the requirements of the statute, he may, as soon as his debt becomes fastened on his debtor's property, successfully insist that the mortgage, as to his debt, is, by force of the statute, absolutely void."

And again (*p. 128*): "The receiver in such a case stands in the rights of the creditors of the mortgagor, and he is, consequently, entitled, as their representative, to the same relief that would be given to them in a suit instituted by themselves in their own names. The statute of frauds makes a deed executed in fraud of creditors absolutely void as against the creditors of the grantor; and the statute under consideration makes a chattel mortgage, executed in disregard of its requirements, absolutely void as against the creditors of the mortgagor. To invalidate the first, fraud must be shown; and to invalidate the second, it must appear that the statutory requirements have not been observed in its execution; but when the first has been shown to be fraudulent, and when it appears that the second was not executed

in compliance with the requirements of the statute, then both are placed, by positive law, in precisely the same category ; both are then without the least legal force, as against creditors, and must be so treated by the courts. To invalidate a chattel mortgage executed in disregard of the requirements of the statute, the person assailing its validity is not required to show, in addition to such fact, that it was executed to defraud creditors. The statute requires nothing of that kind, but, on the contrary, expressly declares that, if the statutory requirements have not been observed in its execution, it shall for that reason, and that reason alone, be treated as void as against creditors. The fault which renders it void as against creditors is not fraud, but the failure of the mortgagee to perform a duty which the statute imposes upon him."

The mortgage in that case was held void for a defect in the affidavit somewhat similar to that here in hand.

Not only is there here no proof of any immediate and continued possession under the mortgage, but the contrary appears.

Upon the whole case I can find no stable ground upon which it can be held that mere possession taken under a mortgage radically defective can cure that defect.

I will advise a decree that the amount due the defendant Fletcher be paid out to him and that the balance be distributed among the laborers. The payment will be made directly to the laborers in person by and under the supervision of one of the special masters of this court. There will be a counsel fee allowed to the counsel of the complainant who appeared and argued the cause at the final hearing.