GERTRUDE N. BOICE et al., complainants,

*v.*

CORNELIUS CONOVER et al., defendants.

[Filed July 2d, 1901.]

1. The appellate court need not consider grounds of objection to the decree below, which were not presented to the court below, and are not mentioned in the petition of appeal.

2. A chattel mortgage, which, by the statute, is absolutely void against the creditors of the mortgagor, should not be allowed to interfere with the right of such a creditor to collect his debt in the most speedy and efficacious manner.

3. A mortgagor who did not owe the mortgage debt, nevertheless warranted the mortgaged chattels to the mortgagee, the latter having failed to comply with the statute so as to render his mortgage valid against the creditors of the mortgagor, one of those creditors levied upon and sold the chattels to satisfy his judgment.—*Held*, that the mortgagee was entitled to be subrogated to the lien of that judgment upon the mortgagor's lands.

18

On appeal of Edwin Allen, a defendant, from a decree advised by Vice-Chancellor Emery. See *35 Atl. Rep. 402.*

*Mr. Alan H. Strong,* for the appellant.

*Mr. John S. Voorhees* and *Mr. Charles H. Runyon,* for the respondents.

The opinion of the court was delivered by

DIXON, J.

The first and second objections to the decree below urged in the brief of counsel for the appellant are not set forth in the petition of appeal, and, so far as appears, were not adverted to in the court below.; they therefore require no consideration here. *Insurance Co.* v. *Semple, 11 Stew. Eq. 575; Cumberland Lumber Co.* v. *Clinton Manufacturing Co., 12 Dick. Ch. Rep. 627.*

The third objection rests on these facts: Cornelius N. Conover and William Allen were partners in the coal and feed business, and on September 8th, 1893, executed to Edwin Allen, the appellant, a mortgage upon the chattels and credits of the firm, to indemnify him against endorsements made by him for the firm, and to secure to him payment of $2,000, which William Allen owed him for money loaned; in this mortgage Conover, as well as William Allen, covenanted to warrant and defend the mortgaged property to the appellant against all persons whomsoever; on December 12th, 1893, the Mapes Formula and Guano Company recovered in the supreme court a judgment against Conover and William Allen for $1,130.11, and issued thereon an execution, under which a levy was made upon the mortgaged chattels, and this levy secured a lien prior to the mortgage because of misstatements in the affidavit of the appellant annexed to his mortgage; the sale of these chattels produced the net sum of $937.09, which was paid to the Mapes company; the Mapes judgment was also a lien on certain lands of Conover. On these facts the claim of the appellant is that, as the Mapes company had a lien upon the land, as well as upon the chattels, while he had only a subsequent lien upon the chattels, the company should have been

compelled in equity to resort to the land before selling the chattels, or, if not, then the appellant should be subrogated to the lien of the company upon the land in lieu of his lien upon the chattels which had been defeated through the judgment.

The claim to marshal the assets was denied in the court below, because, by the statute, the appellant's mortgage was made "absolutely void" as against the judgment creditor, and therefore could not be allowed to interfere with the creditor's right to resort to the most speedy and efficacious mode of obtaining satisfaction. To this we assent.

The claim for subrogation was also denied below, on the ground that Conover, the owner of the land, did not owe the mortgage debt so far as it remained unpaid at the time of making the final decree, the firm's notes which the appellant had endorsed having then been paid, and therefore the appellant had no right to ask that Conover's individual property should first be devoted to the payment of the firm's debts in relief of the mortgage.

In this course of reasoning the learned vice-chancellor seems to have overlooked the fact that, in the mortgage, Conover had covenanted to warrant and defend the mortgaged property to the appellant against all persons. This created an individual obligation on the part of Conover to see that, at least through no default of his, should the mortgagee be deprived of the security of his mortgage. Conover thus became bound to the mortgagee to discharge every duty resting upon him, the breach of which would disturb the mortgage. One of these duties was the payment of his debt to the Mapes company, and when, because of his failure to pay that debt, the creditor resorted to the mortgaged chattels for satisfaction and defeated the mortgage, Conover's obligation to the appellant was violated. Thus the property which Conover had covenanted with the appellant to have appropriated for the latter's benefit was applied to Conover's own benefit, in exoneration of his land from a debt which he was bound to pay. Such a situation is inequitable, and can be remedied only by subrogating the appellant to the lien of the Mapes judgment as against Conover, so far as that claim has been satisfied out of the mortgaged chattels. This remedy does

no wrong to Conover, although it is rendered necessary by the failure of the appellant to make his mortgage valid against Conover's creditors; for if the appellant's mortgage had been so secured, Conover's individual property would have been chargeable with so much of the Mapes judgment as has been raised out of the mortgaged chattels, and the same charge is now to be effected by subrogation. We are therefore of opinion that as against Conover the appellant is entitled to such a lien upon Conover's land for the sum of $937.09 and interest, as the Mapes judgment held immediately before the payment of that sum.

Let the decree below be modified accordingly.

*For reversal*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM—14.

*For affirmance*—None.