The Chief Justice delivered the opinion of the court.
This action is brought upon a bond given to the plaintiffs by the defendants, Bead and Cook, with James Newman, *380 dated 12th April, 1819, and conditioned for the faithful performance, by the latter, of the duties of the office of constable. The defendants, after oyer of the condition of the bond, plead that the action of the plaintiffs against them as sureties, is barred, because not prosecuted within nine years after the date of the bond.
The plaintiffs insist there is no limitation oE time to an action on a bond of' this kind. The defendants rely on the 59th section of the act of 1818, Rev. Laws 645, which enacts, “ that all suits or actions to be brought and prosecuted on constable’s bonds, shall be-conducted and prosecuted in-every respect'as suits on sheriffs’ bonds are by law directed to be prosecuted.” And on the 5th section of the act for the limitation of actions; which provides that any prosecution had or commenced upon any bond hereafter to be given by any sheriff and his securities as aforesaid, shall not in any wise operate against or affect the sureties named and bound in said bond, unless such prosecution shall be *321] *commenced within nine years after the date of the said bond and not after.
To prosecute an action or suit was defined by the court in The State v. McDonald, 1 Penn. 360, to be, to follow up or carry on such suit or action. Now an action on a sheriff’s bond is directed by law to be prosecuted, to be followed up or carried on, within nine years from its date, if the sureties are to be thereby operated against or affected. If then the suit on. the constable’s bond is to be followed up or carried on, in every respect as the suit on the sheriff’s bond, it seems to result as a necessary consequence that it must be within the same period of time; for otherwise there is certainly one respect in which it is not to be prosecuted as the suit on the sheriff’s bond is by law directed. The very broad and comprehensive language used by the legislature abundantly evinces' their intention to place the actions on the bonds of sheriffs and constables in every respect whatever upon the same footing ; and it is an unsound construe- ' *381 tion therefore, which would raise a difference between them, in this important particular, which the words of the act do not require. The policy of the limitation is in both cases equally obvious; and we may therefore safely conclude the legislature did not design to protect by the lapse of time the securities of,a sheriff and leave those of a constable, unprotected, so that in the language of the court, in the case already mentioned, “ the estates of sureties would be bound, would be liable to be wrested from them and their posterity at almost any distance of time, without the possibility of their finding out the incumbrances or securing themselves against their principal.”
In coming to the conclusion that there is a limitation to the actions on constables’ bonds, I do not propose to construe the statute by equity as it is called ; nor to extend it to cases not within its letter or just interpretation. The limitation is fairly within the words. In every respect, comprehends the respect of time.
It was said, the 9th and 10th sections of the act concerning sheriffs, Rev. Laws 238, point out the manner of prosecuting sheriffs’ bonds. They do so, but not alone. The 8th section of the statute of limitations imposes an important qualification on the prosecution. This section, it was truly observed, is in a different statute. But there is nothing to confine our view to one statute. The language is, [*322 “ as suits on sheriffs’ bonds are directed] by law to be prosecuted.”
The matter set up in the plea is a good bar of the action of the plaintiffs. The demurrer should be overruled, and judgment entered for the defendants.