ELIZABETH EHLER

*v.*

PHINEAS W. TURNER et al.

Simply affirming under oath that the consideration of a chattel mortgage is the sum for which it is given, without disclosing how the debt on which it is founded arose or was incurred, is neither a literal nor a substantial compliance with the statute requiring the mortgagee to file an affidavit showing the consideration of his mortgage.

On application for injunction, heard on bill, answer, affidavits and order to show cause.

*Mr. Allan L. McDermott,* for complainant.

*Mr. Flavel McGee,* for defendants.

VAN FLEET, V. C.

The complainant seeks to have the defendants restrained by injunction from causing to be sold certain chattels upon which she claims to hold a chattel mortgage, and which the defendants have procured to be seized under an execution. The chattels are owned by two sons of the complainant. They executed a mortgage to the complainant on the chattels in controversy, August 17th, 1880. The mortgage was filed on the day of its date in the proper office. It was not acknowledged, and could not therefore be recorded under the act of 1880. *P. L. of 1880 p. 266.* The defendants recovered a judgment against the mortgagors on the 7th of June, 1881, and procured an execution to be issued thereon, and a levy to be made on the mortgaged chattels on the 17th of June, 1881. The defendants admit that they intend to cause the chattels to be sold regardless of the complainant's mortgage. They claim that the mortgage is void as to them. The ground of this claim is, that the consideration of the mort-

Ehler v. Turner.

gage was not verified at the time the mortgage was filed, as required by the statute.

The statute of 1878 (*P. L. of 1878 p. 139*) declares that every chattel mortgage made after it shall take effect, which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against creditors,  *  *  * unless the mortgage, or a true copy of it, having annexed thereto an affidavit,  *  *  * stating the consideration of the mortgage, and, as near as possible, the amount due and to grow due thereon, be filed in the proper office. This statute prescribes the rule by which the validity of the complainant's mortgage, as against the defendants, must be tried. An affidavit was annexed to and filed with the complainant's mortgage, in which she declared " that *the true consideration of said mortgage is as follows, viz., the sum of fourteen hundred dollars,* and the goods and chattels in the foregoing schedule are given as collateral security for said amount." The defendants insist that this affidavit conforms neither to the letter nor the spirit of the statute, but evades the test the legislature intended to prescribe by it.

The purpose of the legislature is clear. The statute was designed to prevent the use of chattel mortgages as a means of fraud. It was intended as a guard against dishonesty, and to secure fairness and good faith in such transactions. To this end the mortgagee, his agent or attorney, is required to state, under oath, the consideration of the mortgage; that is, not simply to state the amount or sum for which the mortgage is given, but to state how the debt on which it is founded arose; what was the cause of the debt, or how the relation of creditor and debtor was created between the parties. The legislature, I think, meant to compel the mortgagee to commit himself to a statement or disclosure of his debt or claim, when he made his mortgage a matter of public record, sufficiently precise and explicit to afford the creditors of the mortgagor, in case fraud was suspected, a fair opportunity to ascertain, by legal investigation or otherwise, whether the mortgage was an honest security or a mere fraudulent cover.

The statute authorizing the entry of judgments on bonds, with warrants of attorney to confess judgments, contains a provision identical in purpose, expressed substantially in the same words. There can be little doubt that the provision under consideration was modeled after that, and that the legislative purpose was the same in both instances. The meaning and purpose of this provision in the act authorizing the entry of judgments, has been defined by Chief-Justice Ewing. With but a slight change in his language, I think his interpretation of that provision may be adopted as the true exposition of this. Simply changing his words so as to apply them to a chattel mortgage instead of a judgment, his exposition reads as follows: The design of the statute was to prevent the filing of fraudulent chattel mortgages, of chattel mortgages having no real, actual, honest foundation, but intended to create fictitious liens to defeat honest creditors and to cover and protect the property of knavish debtors; and one measure whereby this design was to be effected, was to require, upon the conscience of the creditor, a statement of the true consideration of the mortgage. " The consideration," says Blackstone, " is the price or motive of the contract." A statement of the manner in which the debt arose is obviously called for. Not merely what evidence has been given of the debt, * * * but what is the price of the debt, the cause of the indebtedness. Thus, if a loan of money, a sale of goods or lands, a difference of value in the exchange of horses, or whatever else it may be, is the price of the debt or the manner in which it occurred, the affidavit should set forth one or the other, according to the fact, and in doing so general terms may be used, for the legislature have not required a specification, yet it must be sufficiently precise to disclose the real nature of the transaction. *Latham* v. *Lawrence, 6 Hal. 322.* The same interpretation has controlled both prior and subsequent adjudications. *Woodward* ads. *Cook, 1 Hal. 160;* *Evans* v. *Adams, 3 Gr. 373;* *Reading* v. *Reading, 4 Zab. 358.*

Simply affirming under oath that the consideration of a mortgage is the sum for which it is given, without disclosing how the debt on which it is founded arose or was incurred—whether it

arose out of a loan, or a sale, or in any other of the numerous modes by which one person may incur a pecuniary obligation to another—cannot, in my judgment, be regarded as either a literal or substantial compliance with the statute, but should be regarded as an evasion of it. If such a test of conscience were to be held a sufficient compliance, the most beneficent purpose of the statute would unquestionably be defeated.

The direction of the statute is imperative. Unless an affidavit of the kind required by the statute is made part of the public record, the mortgage is declared to be absolutely void as against creditors. Such, I think, is the condition of the complainant's mortgage in respect to the defendants, and, therefore, the application for an injunction must be denied.