THOMAS W. BRACKEN

v.

SAMUEL SMITH.

Where there are two statutes on the same subject, passed at different dates, and it is plain from the frame-work and substance of the last that it was intended to cover the whole subject, and to be a complete and perfect system in itself, the last act must be held to be a legislative declaration that whatever is embraced in it shall prevail, and whatever is excluded is discarded and repealed.

On motion to dissolve an injunction.

*Mr. Charles J. Roe*, for motion.

*Mr. Franklin M. Olds*, contra.

VAN FLEET, V. C.

The motion in this case raises a single question. It is this: Is an affidavit such as the act of 1878 (*P. L. p. 139*) required, necessary, since the act of 1881 (*P. L. p. 226*), to give validity to a chattel mortgage as against the creditors of the mortgagor?

It is admitted that the consideration of the mortgage on which the bill in this case is founded was not verified as required by the act of 1878, but the mortgage was simply acknowledged and recorded in conformity to the requirements of the act of 1881. The mortgage was executed since the act of 1881 took effect; the mortgagor retained the possession of the things mortgaged; the defendant is a judgment creditor of the mortgagor, who has procured the things mortgaged to be seized under an execution issued on his judgment; so that it will be perceived that if the law in force at the time the complainant's mortgage was executed, required its consideration to be verified by an oath, his mortgage is absolutely void against the defendant.

In order to understand the full scope and purpose of the act of 1881, it is necessary to look at the prior legislation. It should

Bracken *v.* Smith.

be said, at .the outset, that one of the principal purposes of all legislation on this subject has been to prevent secret pledges· of chattels being made as security for debt. Hence almost every statute which was intended to be complete in itself, has plainly declared that if the mortgagor retained possession of the things mortgaged, the mortgage should be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless it was made a matter of public record. By the statute as revised in 1875, the mortgagee was required, in order to give validity to his mortgage against others than the mortgagor, to file it in the proper office. *Rev. p. 709* §§ *39, 40.* But he need do nothing more. Neither his· oath to the consideration, nor that the mortgage was founded on an actual debt, nor an acknowledgment by the mortgagor, was· required. The thirty-ninth section of this statute was amended by a supplement passed in 1878 (*P. L. p. 139*), and, as amended, it enacted that unless the mortgage, or a true copy thereof, having annexed thereto an affidavit of the holder, or his agent, stating the consideration of the mortgage, and as near as possible· the amount due and to grow due thereon, was filed as directed. by the statute, the mortgage should be absolutely void against the creditors of the mortgagor. An affidavit such as the act required was made absolutely indispensable to the validity of the· mortgage. *Ehler* v. *Turner, 8 Stew. Eq. 68.* By another supplement, passed in 1880 (*P. L. p. 266*), the clerks and registers of the several counties of this state were authorized to record in suitable books to be provided for that purpose, chattel mortgages,. which should thereafter be filed pursuant to the law then in force,. provided they were first acknowledged or proved as deeds of lands were then required to be acknowledged or proved. This· act did not repeal the act of 1878, nor dispense with the affidavit required by the act. The mortgagee was still required to swear to the consideration of the mortgage, and to file it, or a copy of it. The change made by the last supplement was this : As the· law stood prior to its enactment, a mortgagee, in order to preserve the lien of his mortgage for a longer time than one year from the date when it was first made a matter of public record,

was required to refile a copy of his mortgage, with a statement, under oath, showing the amount still remaining due to him. Under the provisions of the act of 1880 he could relieve himself from the necessity of refiling his mortgage, provided in addition to swearing to its consideration and filing a copy of it, he procured his mortgage to be acknowledged and recorded. Recording it had the effect, under the provisions of this supplement, of preserving its lien without any further act on the part of the mortgagee until it was paid. This is the construction which has been given to this supplement. *Stevenson* v. *Vosseller,* *14 Vr. 553 ; Field* v. *Silo, 15 Vr. 355.*

This brings us to the act of 1881, and the question to be decided under it is, whether it was intended as a substitute for all previous statutes, and for that reason nullifying them, not because of any irreconcilable repugnancy existing between them and it, but because it was intended to be a complete and perfect system in itself, and to take the place of all earlier statutes on the subject, or whether it was intended simply as an addition to the previous statutes, leaving them to stand in full force except so far as they were altered by it. It is clear, I think, that it cannot be said that a repeal of the former statutes was effected by mere repugnancy. There is no irreconcilable repugnancy between a statute which declares that a contract shall not be valid unless its consideration is vouched for by the oath of one of the parties to it, and a subsequent statute which declares that such contract shall not be valid unless its execution is authenticated by the certificate of a particular officer, and the contract itself recorded. But a careful comparison of the act of 1881 with the previous legislation, will, I think, leave no doubt whatever that it was the intention of the legislature, by the latter act, to make a complete revision of all the law on the subject, and to substitute that act for all previous statutes. The act of 1881 covers the whole subject and forms a complete legislative scheme. Its first three sections are literal transcripts of the corresponding sections of the statute as revised in 1875. Its fourth section is identical in language with what would have been the fourth section of the revised act, if that part of the act concerning mortgages which

relates to chattel mortgages, had been revised as a separate statute, except that instead of requiring that the mortgage, or a copy of it, shall be filed, it requires that the mortgage shall be recorded. The next section enacts that no instrument intended to operate as a mortgage of chattels shall be recorded until its execution shall have been acknowledged or proved in the manner prescribed by the act respecting conveyances. The next two sections define the duty of clerks and registers in recording such instruments, fix their fees and provide that a certified copy of the record of such instruments shall be received in evidence. The ninth section declares :

"That every chattel mortgage hereafter recorded pursuant to the provisions of this act, shall be valid against the creditors of the mortgagor, and against subsequent purchasers and mortgagees, from the time of the recording thereof until the same be canceled of record in the manner now provided by law for canceling mortgages of real estate."

Provision is also made for recording such chattel mortgages as had theretofore been filed under previous acts, and were still subsisting securities.

This summary of the prior legislation, and a comparison of it with the act of 1881, leave no doubt on my mind as to the effect which must be ascribed to the act of 1881. By the passage of that act, the legislature intended, as I think, to gather up and incorporate in a single act all the prior legislation that they thought worth preserving, and to sweep the rest away. The legal rule which must control the decision of the case is perfectly well settled. Where there are two acts on the same subject, the rule is to give effect to both, if possible. But if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates, to the extent of the repugnancy, as a repeal of the first ; and even where two acts are not in express terms repugnant, yet if the later act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act. *United States* v. *Tynen, 11 Wall. 88.* Mr. Justice Van Syckel, in *Roche* v. *Jersey City, 11 Vr. 257, 259,* said : " This rule does not rest strictly upon the ground of repeal

by implication, but upon the principle that when the legislature makes a revision of a particular statute, and frames a new statute upon the subject-matter, and from the frame-work of the act it is apparent that the legislature designed a complete scheme for the matter, it is a legislative declaration that whatever is embraced in the new law-shall prevail, and whatever is excluded is discarded. It is decisive evidence of an intention to prescribe the provisions mentioned in the later act as the only ones on that subject which shall be obligatory." A further reference to authority is deemed unnecessary. The two citations made will give a reference to most of the pertinent adjudications.

My conclusion is that the complainant's mortgage is not void for the want of an affidavit, and that the motion of the defendant must be denied, with costs.