CHARLES A. LIPPINCOTT and ISAAC LIPPINCOTT, partners, trading as C. A. Lippincott & Brother,

*v.*

HARVEY A. SHIVERS et al.

[Submitted February 3d, 1916.   Determined February 24th, 1916.]

Under the statute requiring that the affidavit of consideration of a chattel mortgage shall state "the consideration of said mortgage and as nearly as possible the amount due and to grow due thereon," where the affidavit to such a mortgage stated correctly that the consideration was three promissory notes given to the mortgagee for store account and money advanced, correctly stating the due dates of the notes, but misstating that one of them was due on demand, while failing to name the makers, a father having executed one and his son the others, and failing to state that the son had assumed his deceased father's note pursuant to a plan to avoid administration and had given the other two for money and goods supplied himself and mother by the mortgagee, such affidavit was sufficient.

On bill of judgment creditor to set aside lien of chattel mortgage for insufficiency of affidavit of consideration.   On hearing on return of order to show cause.

*Mr. George B. Evans,* for the complainants.

*Messrs. Davis & Davis,* for the defendants.

LEAMING, V. C.

The single question here involved is whether the affidavit annexed to defendant's chattel mortgage satisfies the requirements of our statute.

The affidavit is as follows:

"Geo. T. Middltoon, the mortgagee in the foregoing mortgage named, being duly sworn on his oath says that the true consideration of said mortgage is as follows, viz.: three promissory notes payable at the Moorestown National Bank as $307.26 with interest, $637.88 with inter-

est and $40 with interest bearing date in order as follows: 10–26–1909, 4–29–1915, 7–26–1915, on demand amounting to ten hundred and seventy-two dollars and twenty cents ($1,072.20), which was given to Geo. T. Middleton, mortgagee, for store account and money advanced, and that there is due on said mortgage the sum of ten hundred and seventy-two dollars and twenty cents (1,072.20) due one day from date besides lawful interest thereon from the thirtieth day of October, A. D. 1915."

The statutory requirement is, that the affidavit shall state "the consideration of said mortgage and, as nearly as possible, the amount due and to grow due thereon."

The affidavits filed at the return of the order to show cause adequately establish that the chattel mortgage affidavit here in question was true and entirely accurate to the following extent: There was due to the mortgagee from the mortgagors at the time the mortgage was executed the sum named in the affidavit annexed to the mortgage, and that indebtedness was evidenced by three several promissory notes held by the mortgagee of the dates and amounts specified in the affidavit, and these three promissory notes had been given to the mortgagee for "store account and money advanced."

The details of the transactions between the parties to the mortgage which disclose more specifically the origin and history of the notes and the indebtedness which they represent, and which are not included in the affidavit annexed to the mortgage, relate almost wholly to the old note of October 26th, 1909. That note, it is now shown, was given to the mortgagee on the day it bears date by Joseph C. Shivers for supplies from the store of the mortgagee. Joseph C. Shivers subsequently died intestate, leaving a widow, Rebecca Shivers, one of the mortgagors, and a son, Harvey A. Shivers, the other mortgagor. The deceased, at the time of his death, still owed the present mortgagee the note referred to, and was also indebted to others in small amounts. The chattels covered by the present mortgage are farming implements and farm stock which were owned by Joseph C. Shivers at the time of his death. To save the necessity of administering the estate of Joseph C. Shivers in court the son and widow (present mortgagors) took over the chattels as their own and arranged with all the creditors to waive court administration of the estate by assuming the payment of all debts. Among the

debts so assumed was the note of October 26th, 1909, referred to in the chattel mortgage affidavit. Middleton, the mortgagee, after the decease of Joseph C. Shivers, and the assumption of payment of the note by his son and widow, continued to supply goods from his store to the son and widow as he had formerly extended credit to Joseph C. Shivers, and also assisted the son and widow in paying the debts of Joseph C. Shivers by supplying money for that purpose. The three notes named in the affidavit are the note of Joseph C. Shivers, the payment of which had been assumed by his widow and son (the present mortgagors), and two other notes which had been made by the son after his father's death for goods supplied to the son from the store and money advanced to assist the son and widow in discharging debts of Joseph C. Shivers.

There is also an inaccuracy in the mortgage affidavit in referring to the notes as "on demand." The old note of Joseph C. Shivers was not a demand note; the two notes of the son were demand notes.

Had the foregoing illuminating details been embodied in the affidavit annexed to the mortgage, no question touching its sufficiency could now arise. The only question now is whether the omission of these details, or any of them, renders the affidavit insufficient to meet the requirements of the statute.

It will be observed that the affidavit annexed to the mortgage accurately states the amount of the indebtedness of the mortgagors to the mortgagee, and accurately states the dates and amounts of each of the three notes held by the mortgagee for that aggregate indebtedness and the place where the three notes are payable, and truthfully states, though not with detailed accuracy, that the three notes were given to the mortgagee for "store accounts and money advanced," but does not specifically state the names of the makers of the notes or the fact that the store account represented by the old note was a store account of Joseph C. Shivers, for which the old note had been given by him and assumed by his son and widow.

The situation thus presented is that of an honest transaction between laymen who have sought to secure by a mortgage an honest indebtedness, and to that end the mortgagee has made and

annexed to the mortgage an affidavit stating the consideration of the mortgage as he understood it. The consideration was stated by him with substantial truth. It lacked details which would have been useful to enable a stranger to fully understand the course of dealings which had brought about the indebtedness, but it was an honest statement of substantial truth, so far as the consideration was concerned. That, I understand, to be the test of sufficiency applied in *Howell* v. *Stone, 75 N. J. Eq. 289.* The error in the failure to limit the words "on demand" to the two later notes is not an error which goes to the question of consideration. The broad view of the situation, as it would almost necessarily appeal to laymen, was that the consideration of the mortgage was the three notes specified in the affidavit as having been "given to Geo. T. Middleton, mortgagee, for store account and money advanced."

From the viewpoint of the mortgagee, that was the whole transaction; he had supplied the goods and money and had received for his goods and money the three specified notes, and the mortgagors owed him the amount and the mortgage was being executed to secure the amount. The legislation in terms exacts no more than the naked requirement that the consideration of the mortgage be stated in the affidavit of the mortgagee, and the statute is wholly silent as to the purpose of the requirement; in such circumstance, it seems impossible to determine that any fair and honest and reasonably accurate statement of the indebtedness which the mortgage is to secure is insufficient to meet the requirements of the statute. I am convinced that the affidavit here in question states the consideration of the mortgage with substantial truth and must be held sufficient.

I will advise an order discharging the order to show cause.