JOSEPH OVSIOVITCH

*v.*

THE FEDERAL TOOL AND MANUFACTURING COMPANY.

[Decided November 16th, 1922.]

1. The Usury act, providing that no corporation shall set up the defence of usury in any action to enforce a remedy on an obligation executed by it, does not apply to a loan of a prviate nature, but the words "obligation executed" refer to obligations in the sense of bonds and mortgages, debentures and the like that are put upon the market, and go into the hands of the public.

2. The lender of money on a usurious bargain can recover the amount actually loaned with legal interest where the defence of usury was not strictly pleaded, though if it had been strictly pleaded, interest would have been disallowed.

On motion for payment of moneys.

*Mr. Harry Green,* for the motion.

*Mr. Russell Fleming, contra.*

BACKES, V. C.

Shortly before the defendant corporation was declared insolvent it borrowed from Charles Karsh $2,000, and gave him its promissory notes aggregating $2,500, with interest at six

per cent., and secured the notes by a chattel mortgage on its machinery, tools of trade, &c. The receiver sold the chattels free and clear of the mortgage encumbrance, and Karsh now petitions to be paid the amount of the notes out of the proceeds. That the notes and mortgage were given on a usurious bargain is ·admitted, but Karsh claims that usury cannot be set up in defence by the receiver because of section 7 of the Usury act (*Comp. Stat. p. 5706*), which provides that—

"No corporation shall hereafter plead or set up the defence of usury to any action brought against it to recover damages or enforce a remedy on any obligation executed by said corporation."

It has been held that this statute does not apply to transactions of a private nature, such as is here presented. Mr. Justice Garrison, in *Mazarin* v. *Hudson County Real Estate and Building Co., 80 N. J. Law 35,* said that "in view of the uniform legislative policy of the state in the matter of usury, the words 'obligation executed' by a corporation refers to corporate obligations in the sense of bonds, mortgages, debentures, and the like, that go on the market and into the hands of the public." And Vice-Chancellor Foster entertained and expressed the same view in a case to foreclose a mortgage given to secure, in part, notes tainted with usury. *Seacoast Real Estate Co.* v. *American Timber Co. et al., 89 N. J. Eq. 293.* See, also, *Lembeck* v. *Jarvis Terminal Cold Storage Co., 70 N. J. Eq. 757.*

Karsh will be allowed the amount of his loan, $2,000, and legal interest. Had the defence of usury been strictly pleaded, interest would have been disallowed. *Dunlap* v. *Chenoweth, 88 N. J. Eq. 496.*