HENRY J. HUNT, appellant,

*v.*

EDWARD I. LUDWIG et al., respondents.

[Decided November 20th, 1922.]

1. Compliance with the requirement of the Chattel Mortgage act that a chattel mortgage shall be accompanied by an affidavit stating the consideration of the mortgage, and as nearly as possible the amount due and to grow due thereon, is essential to the validity of the mortgage, and an affidavit which overstates the real consideration is not a compliance with the act, even though the error is unintentional and results from a mistake of a clerk.

2. Where in a suit to foreclose a chattel mortgage, a receiver appointed on behalf of the complainant sold the chattels, and the mortgage was afterwards adjudged invalid, it was error to dismiss the bill and in the same decree order a disposal of the proceeds of the sale, as the decree depended upon the validity of the foreclosure proceedings. Such error is however only an inadvertence and may be corrected.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, and reported in *93 N. J. Eq. 314.*

*Messrs. Lehlbach & Van Duyne,* for the appellant.

*Mr. Herman Krohn,* for the respondents.

The opinion of the court was delivered by

SWAYZE, J.

This is a bill to foreclose a chattel mortgage. The defendants are mortgagors and judgment creditors. The chattel mortgage was dated January 8th, 1921; one of the judgments was recovered in November, 1917, and the others January 24th and August 8th, 1921. The question is the validity of the chattel mortgage as against the judgment creditors. The mortgagee's affidavit states that the consideration was $3,580. It is conceded that this was untrue, and it is said to be a mistake of the clerk who included the amount of another mortgage of $500. The act requires that the chattel mortgage have annexed thereto an affidavit or affirmation made and subscribed by the holder of the mortgage, his agent or attorney, stating the consideration of the mortgage and as nearly as possible the amount due and to grow due thereon. Most of the cases have involved defects in stating the consideration. This case is unusual, in that the affidavit contains an untrue statement of the consideration. We do not see how that fact can be overlooked. The case is much stronger than the case of *Bollschweiler* v. *Packer House Hotel, 83 N. J. Eq. 459; affirmed, 84 N. J. Eq. 502.* Clearly, an affidavit which overstates the real consideration cannot be treated as stating the consideration and as nearly as possible the amount due and to grow due thereon, nor do we see on what legal basis the affiant can be excused because he has trusted to someone else to ascertain the amount due. He himself is responsible for the statement he swears to. He might better state no consideration at all than to state it

untruly. We are not called on to deal with his moral guilt, but with his failure to comply with the statutory requirement.

There is however an error in the decree. The bill prays foreclosure and a counter-claim was filed. A receiver appointed by the court in behalf of the complainant sold the chattels and the court now undertakes by this decree to dispose of the proceeds of sale. It depends, therefore, for its action upon the validity of the foreclosure proceedings. They are the very basis on which the decision of the court rests, and there cannot, therefore, be a dismissal of the bill. This, however, is only an inadvertence and may be corrected. *Receiver of the Graham Button Co.* v. *Spielmann, 50 N. J. Eq. 120.*

*For affirmance* — THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH—7.

*For reversal*—BERGEN, WHITE, WILLIAMS, ACKERSON, VAN BUSKIRK—5.