The defendant is an insolvent corporation. In October, 1922, it executed a real estate mortgage on its factory building, and a chattel mortgage on its machinery, fixtures and personal property contained therein, to Anton Felin, its president, to secure $20,000. The mortgages were assigned to Robert J. Metzler, Inc., for a loan of $15,000 and a bonus of $5,000. The mortgages were made to Felin as a dummy for the Metzler company. The receiver sold the land and personal property as a unit for $34,000 subject to real estate mortgages of $21,000, but free and clear of the two mortgages of the Metzler company, and a subsequent real estate mortgage of the Elizabeth Trust Company, under an order of the court, consented to in open court, in writing, by the *Page 45 
solicitor of the Metzler company. The present application is by the Metzler company to direct the receiver to pay its mortgage debt out of the proceeds. The receiver resists and sets up that the affidavit annexed to the chattel mortgage is untrue. It is sworn to by Anton Felin, the mortgagee, who says "that the true consideration of said mortgage is the sum of $20,000 cash money this day advanced to the Arrow Motor Machine Company." That statement is false. Only $15,000 was paid. The chattel mortgage is invalid. Hunt v. Ludwig, 93 N.J. Eq. 314; affirmed, 94 N.J. Eq. 158.
The receiver attacks the realty mortgage on the ground that the resolution authorizing it was passed at a meeting of only two directors of the insolvent company. Conceding this to be true it does not invalidate the mortgage. The court of errors and appeals in the case of Kuser v. Wright, 52 N.J. Eq. 825, in a similar case, held that a mortgage authorized at a meeting of two of three directors, the third one having no notice of the meeting, was valid, and that it was a subject into which those who are dealing with the corporation was not bound to inquire. The Metzler company had no notice. Felin, the nominal mortgagee, knew, but he was a mere figurehead for the convenience of the insolvent company and the Metzler company, and notice to him is not imputable to the latter.
The mortgage is a lien on the proceeds of the sale of the land for $20,000, less $3,000 paid on account, with interest. The Metzler company is entitled to the bonus. The insolvent company cannot plead usury. Ovsiovitch v. Federal Tool andManufacturing Co., 94 N.J. Eq. 85; affirmed, ibid. 744.
The mortgage debt, however, is to be made out of only so much of the proceeds of the sale as represents the land, to wit, in the proportion as the fair value of the land and the personal property respectively bear to the proceeds of sale. I find the value of the land to be $35,000 and the personal property $29,069.50, the amount at which it was appraised for the receiver by Mr. Metzler of the Metzler company.
It was suggested that as the machinery and other fixtures were appropriately annexed to the land with intent, they *Page 46 
are subject to the real estate mortgage. Chancellor v. Cruse,83 N.J. Eq. 232. The parties having treated as personal property what otherwise might be real estate are bound by their election.Zeller v. Adam, 30 N.J. Eq. 421.