The receivers of the insolvent defendant company dispute a chattel mortgage given by the company to William G. Sargent as security for a loan of $25,000, on the grounds that the affidavit annexed to the mortgage is untrue; that the consideration was not paid until after the making of the affidavit, and that the mortgage was not immediately recorded as required by the Chattel Mortgage act. The chattels, covered by the mortgage, were sold,pendente lite, free of the mortgage, and the mortgage, if valid, is payable out of the proceeds in the hands of the receivers.
Charles Hayden and Fergus Reid, directors of the insolvent corporation, agreed to procure a loan to the company of *Page 39 
$25,000 provided that adequate security be given for the loan in the form of a chattel mortgage to be made by the company satisfactory to the attorneys of Hayden and Reid. On January 11th, 1924, the company made its six months' note to Sargent and executed to him the chattel mortgage to secure its payment. The following day, Saturday, it was left with Sargent at the office of Hayden, Stone Company, bankers, in New York, at which firm Hayden was a partner and Sargent an employe. Sargent, after the mortgage was approved by Hayden's lawyer, upon the direction of Hayden, drew the check of Hayden, Stone Company to the company for the amount of the loan and mailed it to the company's office in New Jersey, and sent the mortgage, after making the affidavit, to Reid's lawyer for his approval, and at the same time endorsed the note and assigned the chattel mortgage to Hayden and Reid. Reid's lawyer received the mortgage Monday, sent it to the New York county clerk for his certificate authenticating the notarial jurat, and dictated a letter of direction to his Newark correspondent to have it recorded. Tuesday the letter was transcribed and mailed, and the following morning it reached Newark and was recorded at ten forty-nine A.M.
1. The affidavit made by Sargent, attached to the mortgage, reads:
"STATE OF NEW YORK, | ss.
COUNTY OF NEW YORK, |
WILLIAM G. SARGENT, the mortgagee in the foregoing mortgage named, being duly sworn on his oath, says that the true consideration of the said mortgage is as follows, viz.:
$25,000 in cash this day loaned by the mortgagee to the mortgagor as evidenced by the mortgagor's promissory note described in said mortgage.
Deponent further says that there is due on said mortgage the sum of $25,000, besides lawful interest thereon, from the 12th day of January, 1924.
WILLIAM G. SARGENT.
Sworn and subscribed to before me this 12th day of January, A.D. 1924, at New York, N Y
CHAS. FINKLER,
 Notary Public, Kings County, No. 56; certificate filed in New York Co., No. 82; commission expires March 30, 1924." *Page 40 
The statement in the affidavit, that the true consideration was "$25,000 in cash this day loaned by the mortgagee to the mortgagor," is untrue. Hayden and Reid made the loan, not Sargent. The consideration for the mortgage came from them, not from him. It is urged that they provided him with the money to make the loan. That is not the fact. The consideration did not even pass through him; he simply handled it as clerk to his employer. He was Hayden and Reid's conduit or dummy through whom only the evidence of the debt and the security — the note and the mortgage — passed from the company to them. Untruth in this respect voids the mortgage. Hunt v. Ludwig, 116 Atl. Rep. 699;In re Novelty Webb Co., 236 Fed. Rep. 501; Miller v. Gourley,65 N.J. Eq. 237; Boice v. Conover, 54 N.J. Eq. 531; Tingley v.International Dynelectron Co., 74 N.J. Eq. 538; Bollschweiler
v. Packer House Hotel, 83 N.J. Eq. 459.
2. The loan was made two days after the affidavit was sworn to, but before the recording of the mortgage. The affidavit is not objectionable if it be true as of the date of the recording of the mortgage. Tingley v. International Dynelectron Co.,supra.
3. The mortgage is void as to creditors, also, because it was not immediately recorded. The mortgage, previously approved by Hayden's lawyer, was approved by the lawyer of Reid, Monday following its delivery to Sargent: Sargent, who sent it to the county clerk that day, and upon its return dictated his forwarding letter, which was not posted with the mortgage until the following evening, arriving in Newark the next morning It could conveniently have been mailed Monday. The cause of the delay, twenty-four hours, was put on the stenographer. That is an explanation, but not an excuse, for not complying with the requirement of the statute, that a chattel mortgage must be immediately recorded — that is, as soon as may be by reasonable dispatch under the circumstances of the case. Bollschweiler v.Packer House Hotel Co., supra. *Page 41