Upon the appointment of a receiver in insolvency for the defendant company its goods and chattels were sold free and clear of a chattel mortgage made by the company to William H. Zois to secure $9,956, upon which there was due $7,602.26. The sale was by consent of the mortgagee, and the property was struck off to him for an amount equal to his debt, and he has agreed to pay the receiver the purchase price if his mortgage shall be declared invalid, and has given a bond as security. By agreement between the parties the matter was submitted to the receiver to pass upon the legality of the *Page 86 
mortgage, and he determined that the mortgage is void. The question is before the court de novo and it is agreed that the testimony taken before the receiver be used on this application.
The mortgage bears date January 9th, 1925, and in the affidavit annexed, dated on the same day, the mortgagee stated that the true consideration of the mortgage was "for moneys advanced and loaned to the party of the first part by deponent on the day and times mentioned and evidenced by the promissory notes described in the body of this mortgage and for which this mortgage is given as security. The deponent further says that there is due on said mortgage the amount of $9,956, besides lawful interest from the date of said notes." The body of the mortgage recites twenty-four notes as follows:
One for $300, bearing date July 24th, 1924 ........................ $300
One for $300, bearing date August 24th, 1924 ...................... 300
One for $400, bearing date November 24th, 1924 .................... 400
Two aggregating $777, bearing date December 4th, 1924 ............. 777
Thirteen for $400 each, aggregating $5,200, bearing date December
 12th, 1924 ...................................................... 5,200
Five for $500 each, aggregating $2,500, bearing date January
8th, 1925 ......................................................... 2,500
One for $479, bearing date January 8th, 1925 ...................... 479
 ______
 $9,956

The evidence establishes that as to the two notes aggregating $777, only $700 was advanced. It appears that the company was in financial distress and the mortgagee undertook to help it out of its difficulty. The company owed Javas Bread Company $777. The mortgagee paid the bill by his check for $700. He claims the difference as discount, but by what supposed right is not disclosed. Whatever may be his rights, it is the fact that but $700 was "advanced and loaned."
As to the item of thirteen notes of $400 each, aggregating $5,200. The company owed Irving Glaser $4,800. The mortgagee settled with him for $4,100, claiming the difference as discount. He also advanced the company $400. The $5,200 is made up of Glaser's bill of $4,800, and the cash $400. The actual amount advanced was $4,500. *Page 87 
The item of five notes of $500 each, aggregating $2,500, bearing date January 8th, 1925, and the one of a note for $479, bearing date January 8th, 1925, aggregating $2,979, were made up in this manner: $1,479, the amount of Buchanan Grace's bill, which the mortgagee paid by his three months' note for $1,300, due April 9th, 1925, and paid at maturity; $500 in cash, January 9th, and a promise of two checks for $500 each, which he gave the company January 17th and February 4th. The note for $1,300 was not money advanced and loaned, and only on payment at maturity could it be so defined.
The affidavit is false to the extent of the "discounts," the amount of the note of $1,300, and the promised thousand dollars. The moneys actually advanced and loaned at the making of the affidavit was $6,700.
The law does not require technical nicety, but it does exact that the affidavit to a chattel mortgage truthfully set forth the consideration. The mortgage is void. Hunt v. Ludwig, 93 N.J. Eq. 314; affirmed, 94 N.J. Eq. 158; Felin v. Arrow MotorMachine Co., 96 N.J. Eq. 44; Stanber v. Sims Magneto Co.,3 N.J. Adv. R. 1239; 98 N.J. Eq. 38; Novelty Webb Co.,228 Fed. Rep. 1007; affirmed, 236 Fed. Rep. 501.