The defendant holds a chattel mortgage executed by Herman Rosenman on October 16th, 1930. The complainant also holds a chattel mortgage of Rosenman executed on November 25th, 1930, and covering the same chattels as are covered by the defendant's mortgage. By this bill complainant seeks to restrain the defendant from taking possession or disposing of the mortgaged chattels and challenges the validity of defendant's mortgage, mainly on the ground of insufficiency of the mortgagee's affidavit. The defendant's mortgage is not conditioned for the payment of any specific sum, the condition of the mortgage being as follows:
"Upon condition, that if the said party of the first part, shall and do well and truly pay unto the second part, its successors and assigns, such sum as is now due or may hereafter grow due from the party of the first part to the party of the second part, as follows: *Page 478 
"This mortgage is given as security for the payment of merchandise this day sold by the party of the second part to the party of the first part, and is also given to secure the payment of any other merchandise which may be sold by the party of the second part to the party of the first part from time to time from and after the date hereof, it being intended that this chattel mortgage is given as security to the party of the second part for any and all indebtedness now due or which may hereafter grow due from the party of the first part to the party of the second part, irrespective of the amount of such indebtedness."
The affidavit of the mortgagee attached to the defendant's chattel mortgage is as follows:
"STATE OF NEW JERSEY, COUNTY OF UNION — ss.
Hymie Kelner, treasurer of the Union County Wholesale Tobacco and Candy Company, the mortgagee in the foregoing mortgage named, being duly sworn, on his oath says that the true consideration of said mortgage is as follows, viz.:
This mortgage is given as security for the payment of merchandise this day sold by the party of the second part to the party of the first part and is also given to secure the payment of any other merchandise which may be sold by the party of the second part to the party of the first part from time to time from and after the date hereof, it being intended that this chattel mortgage is given as security to the party of the second part for any and all indebtedness now due or which may hereafter grow due from the party of the first part to the party of the second part irrespective of the amount of such indebtedness, and deponent further says that there is due and to grow due on said mortgage the sum of money equal to the amount of merchandise this day sold by the party of the second part to the party of the first part, and such other moneys as may grow due from time to time as above stated from the date after such payment of such moneys become due and payable.
HYMIE KELNER.
Sworn and subscribed this 16th day of October, A.D. 1930, before me at Elizabeth, New Jersey. FREDERICK SIMAN, Master in Chancery of N.J."
Section 4 of the Chattel Mortgage act (1 Comp. Stat. p. 463, amended Cum. Supp. Comp. Stat. 1925-1930 p. 211), provides that chattel mortgages, where there is no change of possession of the mortgaged chattels, "shall be absolutely void as against creditors of the mortgagor, and as against subsequent purchasers and mortgages in good faith, unless *Page 479 
the mortgage" has annexed thereto an affidavit "stating the consideration of said mortgage and as nearly as possible theamount due and to grow due thereon." (Italics mine.) If the italicized words mean anything, and I believe they do, then the defendant's mortgage is void as to creditors of the mortgagor. From an exhaustive examination of the reported decisions of the courts of this state I have reached the conclusion that the correct rule to be applied here was stated by Chancellor Walker (then vice-chancellor), in Simpson v. Anderson,70 Atl. Rep. 696. In that case (at page 699), he said:
"Not only must the mortgage have an affidavit annexed thereto stating the consideration of the mortgage, but also as nearly as possible the amount due and to grow due thereon. To omit to state either the consideration or the amount due and to grow due thereon renders the affidavit defective, and makes the chattel mortgage void as against creditors."
And he held that the affidavit there under consideration did not comply with the requirements of the statute. This decision was reversed by the court of errors and appeals, the case on appeal being reported in 75 N.J. Eq. 581. The appellate court held that the affidavit and the mortgage itself should be read together and that when so read, the defects in the affidavit were cured by what was contained in the body of the mortgage. But the correctness of the rule of law as stated by the chancellor was not challenged. The court merely found that the affidavit, when read together with the mortgage itself, complied with the requirements of the statute. The rule as stated by the chancellor seems to me to be sound, as I can see no more excuse for disobeying the mandate of that portion of the statute which requires the statement of "the amount due and to grow due thereon," than for disregarding the requirements of any other portion of the act. While the earlier decisions in this state held the affidavit of consideration a "statutory requirement of considerable technicality" (Howell v. Stone Downey, 75 N.J. Eq. 289), and later decisions held that an honest and substantial compliance with the statute is all that is necessary (Howell v. *Page 480 Stone Downey, supra; Breit v. Solferino, 77 N.J. Law 436;Hunt v. Ludwig, 93 N.J. Eq. 314; affirmed, 94 N.J. Eq. 158;Fitzpatrick v. Barnard Phillips Co., 95 N.J. Eq. 363;Metropolitan Store and Saloon Fixture Co. v. Albrecht,70 N.J. Law 149; American Soda Fountain Co. v. Stolzenbach,75 N.J. Law 721; Shupe v. Taggart, 93 N.J. Law 123), the act is mandatory in its requirements. In Graham Button Co. v. Spielmann,50 N.J. Eq. 120, Vice-Chancellor Van Fleet said: "The command of the statute is imperative," and in Field v. Silo,44 N.J. Law 355 (at p. 356), Mr. Justice Van Sickle said:
"The act * * * makes an affidavit, stating the consideration of the mortgage and the amount due thereon, necessary to its validity." (Italics mine.)
In Fletcher v. Bonnett, 51 N.J. Eq. 615, the court of errors and appeals, speaking through Mr. Justice Dixon, said:
"The second objection to the mortgage is that the affidavit does not state `as nearly as possible the amount due and to grow due' on the mortgage.
"The affidavit expressly refers to matters stated in the mortgage, and therefore these matters must be regarded as part of the affidavit (citing cases). So read, the affidavit distinctly indicates the time when designated sums will grow due, and that nothing was due at the date of the mortgage."
Note that the court does not say that a statement of the amount due and to grow due is not necessary, but supplies the defect in the affidavit by reference to the mortgage itself. There the affidavit stated that there was due on the mortgage $152,971.76, when as a matter of fact that was the amount of the balance of the notes referred to in the body of the mortgage, none of which were then due, but all of which would become due as stated in the mortgage. In Hunt v. Ludwig, supra, Vice-Chancellor Backes said: "A true statement of the amount due or to grow due on the chattel mortgage is an essential requisite of the affidavit." And on appeal the court of errors and appeals said:
"An affidavit which overstates the real consideration cannot be treated as stating the consideration and as nearly as possible the amount due and to grow due thereon." *Page 481 
If an overstatement of the consideration or of the amount due and to grow due voids the mortgage, then an understatement of the amount, or no statement at all, should have like effect. And it is uniformly held that a false affidavit or any substantial deviation from the requirements of the statute invalidates the mortgage. Boice v. Conover, 54 N.J. Eq. 531 (reversed on appeal, 63 N.J. Eq. 273, but rule not affected); Tingley v.International Dynelectron Co., 74 N.J. Eq. 538; Hunt v.Ludwig, supra; Bollschweiler v. Packer House Hotel Co.,83 N.J. Eq. 459; affirmed, 84 N.J. Eq. 502; Stanber v. SimsMagneto Co., 98 N.J. Eq. 38; Finkel v. Famous Lunch Room Co.,100 N.J. Eq. 85; Seacoast Finance Corp. v. Cornell,104 N.J. Law 24; Felin v. Arrow Motor Machine Co., 96 N.J. Eq. 44. InSeacoast Finance Corp. v. Cornell, supra, the acknowledgement to the mortgage had been taken by the mortgagee and the affidavit prescribed by the statute by the mortgagor, and although the mortgage was recorded, it was held void. It seems plain, therefore, that "the rule that substantial compliance with the statute is sufficient does not mean that any of its requirements may be dispensed with." 5 R.C.L. 395 tit. "Chattel Mortgages" §16.
In Horowitz v. Weidner, 31 Atl. Rep. 771, the affidavit stated "there is nothing now due and the utmost that may become due is $2,000." This was held sufficient; and in Fitzpatrick v.Barnard Phillips Co., supra, the affidavit stated that the consideration was money loaned and advanced "the exact amount of said advances cannot be ascertained until the final accounting * * * but is estimated at approximately $75,000." This was held to be a sufficient statement of the consideration and the amount due and to grow due thereon.
In Camden Safe Deposit and Trust Co. v. Burlington CarpetCo., 33 Atl. Rep. 479, the affidavit to the chattel mortgage there under consideration stated "that the true consideration of the above mortgage is the issue of $400,000 in the bonds of the mortgagor, for the purpose specially set forth in the mortgage." No statement of the amount due *Page 482 
or to grow due was contained in the affidavit but, read in connection with the body of the mortgage, to which reference was made in the affidavit, it appeared that nothing was due under the mortgage at the date of its execution and that the limit of the amount to grow due thereon was the $400,000 stated in the affidavit. But in the instant case it will be noted that there is no attempt to show "as nearly as possible the amount due and to grow due." "The purpose of the affidavit is the same as that required in an affidavit of consideration of a judgment by confession." Ehler v. Turner, 35 N.J. Eq. 68; Bonnett v.Hope Manufacturing Co., 51 N.J. Eq. 162; Latham's Adm'rs. v.Lawrence, 11 N.J. Law 322. In the Latham Case, the court said that the object of the legislation requiring the affidavit in the case of a judgment by confession was "to require, upon the conscience of the creditor, a statement of the true consideration of the bond." And the purpose of the requirement of an affidavit to a chattel mortgage and its recording is to give notice to creditors, c., not only of the fact of the encumbrance but the amount thereof as well. But in the affidavit here under consideration there is no statement whatever of the amount of this encumbrance, and no indication of the limit of the security. It may be $1 or $1,000,000. The affidavit does not even say that it is impossible to compute the amount due at the date of the mortgage, although it is obvious that some liability had been incurred by the mortgagor for the goods that day sold by the mortgagee to the mortgagor. To omit a statement of the amount due or to grow due on the mortgage would open the door wide for fraud. No subsequent creditor would ever be safe, for in spite of any inquiry he might make, unscrupulous persons might fix the amount of merchandise sold and the amount of the indebtedness for which the mortgage was claimed as security, at any figure they chose. In my judgment, the requirement of the statute that the amount due and to grow due be stated as nearly as possible in the mortgagee's affidavit, is as imperative as any other provision of the statute and a failure to observe it voids the mortgage as to creditors of the mortgagor. *Page 483