7 N.J. Super. 387 (1950)
71 A.2d 228
HARRY JARECKI, PLAINTIFF,
v.
MANVILLE BAKERY, INCORPORATED, DEFENDANT. MANVILLE BAKERY, INC., PLAINTIFF,
v.
JULIUS KESSMAN ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 7, 1950.
*389 Mr. Cy Mittleman, for plaintiff Harry Jarecki.
*390 Mr. John E. Toolan, for Manville Bakery, Inc.
Messrs. Blumberg & Rosenberg, for defendants Simon and Sherman.
JAYNE, J.S.C.
Expedition has been achieved by the hearing of the two above-entitled actions simultaneously.
Briefly explained, the plaintiff Harry Jarecki had obtained on August 8, 1949, a final judgment in the Law Division of this court against Julius Kessman and Tillie Kessman and immediately caused a levy to be made on certain goods and chattels of the judgment debtors which appeared of record to be encumbered by a chattel mortgage dated July 15, 1948, held by Manville Bakery, Incorporated.
On August 15, 1949, the plaintiff Jarecki, as such judgment creditor instituted in this division his present action to nullify the validity of the chattel mortgage in respect to its apparent priority as a lien superior to that of his judgment and diligent levy.
Also on August 15, 1949, the chattel mortgagee Manville Bakery, Incorporated, filed its complaint to foreclose its mortgage, making defendants therein not only the mortgagors but also the holders of another chattel mortgage alleged to be subordinate to its mortgage.
The paramount issue pertains to the validity of the chattel mortgage of Manville Bakery, Incorporated, in its relation to the lien of the judgment creditor. Specifically the truthfulness and sufficiency of the affidavit annexed to the instrument is the point upon which the attack is concentrated.
The affidavit is not unique. It reads:
"Joseph Onka, Sr., being duly sworn on his oath deposes and says: That he is the President of the Manville Bakery, Incorporated, the mortgagee in the foregoing mortgage named, and has knowledge of the true consideration of said mortgage; that the true consideration of said mortgage is the sum of $17,000 loaned this day by the Manville Bakery Incorporated to Julius Kessman and Tillie Kessman, the mortgagors named in the foregoing mortgage.
"That for said loan so made by the Manville Bakery Incorporated to the said Julius Kessman and Tillie Kessman the said Julius Kessman and Tillie Kessman executed and delivered simultaneously herewith *391 to the said Manville Bakery Incorporated 68 negotiable promissory notes in writing, all dated this day, all bearing interest at the rate of 6% per annum, all payable at the Manville National Bank, Manville, New Jersey, all of said notes being in the sum of $250 each, the first of which notes is payable one month from the date hereof, and the others are payable consecutively monthly thereafter until fully paid.
"Deponent further says that there is due and to grow due on said mortgage the sum of $17,000 with interest on each note as above set forth from the date hereof at the rate of six per cent per annum as and when each of said notes become due."
Although there was prior legislation in this State concerning chattel mortgages (P.L. 1864, p. 493), it appears to have been in the year 1878 that a supplement was enacted declaring that "Every mortgage, not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, is void as against the creditors of the mortgagor and subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof, having annexed thereto an affidavit or affirmation made and subscribed by the holders of the mortgage, or their agents, stating the consideration of said mortgage, and as near as possible the amount due and to grow due thereon, is filed as directed in the next section."
A statute of 1820 relating to the entry of judgments on bond and warrant of attorney obliged the plaintiff, his attorney or agent to submit an affidavit stating "the true consideration of said bond or obligation." Woodward v. Cook, 6 N.J.L. 160 (Sup. Ct.); Latham v. Lawrence, 11 N.J.L. 322 (Sup. Ct.). It seems evident that the requirement of a like affidavit disclosing the true consideration of the debt secured by a chattel mortgage was designed to accomplish a similar object. Ehler v. Turner, 35 N.J. Eq. 68 (Ch.). Subsequent legislation of interest may be found in P.L. 1881, p. 226; P.L. 1885, p. 318; P.L. 1902, p. 487; P.L. 1928, p. 131; R.S. 46:28-5; vide, Bracken v. Smith, 39 N.J. Eq. 169 (Ch.).
As early as 1882 Vice-Chancellor Van Fleet remarked in Ehler v. Turner, supra, accommodating to the case the language of Chief Justice Ewing: "The design of the statute *392 was to prevent the filing of fraudulent chattel mortgages, of chattel mortgages having no real, actual, honest foundation, but intended to create fictitious liens to defeat honest creditors and to cover and protect the property of knavish debtors; and the one measure whereby this design was to be effected, was to require, upon the conscience of the creditor, a statement of the true consideration of the mortgage."
The Vice-Chancellor added: "Simply affirming under oath that the consideration of a mortgage is the sum for which it is given, without disclosing how the debt on which it is founded arose or was incurred * * * cannot, in my judgment, be regarded as either a literal or substantial compliance with the statute, but should be regarded as an evasion of it."
In Graham Button Co. v. Spielmann, 50 N.J. Eq. 120 (Ch.), affirmed 50 N.J. Eq. 796, the same Vice-Chancellor explains (on p. 129): "To invalidate a chattel mortgage, executed in disregard of the requirements of the statute, the person assailing its validity is not required to show, in addition to such fact, that it was executed to defraud creditors. The statute requires nothing of that kind, but on the contrary, expressly declares, that if the statutory requirements have not been observed in its execution, it shall for that reason, and that reason alone, be treated as void as against creditors. The fault which renders it void as against creditors is not fraud, but the failure of the mortgagee to perform a duty which the statute imposes upon him." Dunham v. Cramer, 63 N.J. Eq. 151 (Ch. 1902).
Prior to 1903 the statutory sufficiency of the affidavit was judicially regarded as a highly technical requirement. Since the decisions in Metropolitan Store & Saloon Fixture Co. v. Albrecht, 70 N.J.L. 149 (Sup. Ct. 1903), and American Soda Fountain Co. v. Stolzenbach, 75 N.J.L. 721 (E. & A. 1908), it has been uniformly held that in the absence of fraud, chattel mortgages should be sustained whenever there is an honest and substantial compliance with the statute. Howell v. Stone & Downey, 75 N.J. Eq. 289 (E. & A. 1909); Simpson v. Anderson, 75 N.J. Eq. 581 (E. & A. 1909); Breit v. Solferino, 77 N.J.L. 436 (Sup. Ct. 1909); Lippincott v. *393 Shivers, 86 N.J. Eq. 59 (Ch. 1916); Bruck v. Credit Corp., 3 N.J. 401 (decided January 9, 1950).
And so in the absence of fraud a chattel mortgage will not be invalidated merely because the affidavit of the mortgagee has been artlessly composed. Cf. McDonald v. H.B. McDonald Const. Co., Inc., 117 N.J. Eq. 181 (Ch. 1934). If it refers to matters set forth in the mortgage, such matters are regarded as incorporated in the affidavit. Fletcher v. Bonnet, 51 N.J. Eq. 615 (E. & A.); Metropolitan Store & Saloon Fixture Co. v. Albrecht, 70 N.J.L. 149 (Sup. Ct. 1903); Shupe v. Taggart, 93 N.J.L. 123 (Sup. Ct. 1919).
The change in the judicial attitude regarding the affidavit in declaring that an honest and substantial compliance with the statute was sufficient has not modified or relaxed the established requirement that the affidavit, however honestly made, must truthfully state the consideration. Hunt v. Ludwig, 93 N.J. Eq. 314 (Ch. 1922), affirmed, 94 N.J. Eq. 158 (E. & A. 1922); Felin v. Arrow Motor Machine Co., 96 N.J. Eq. 44 (Ch. 1924); Finkel v. Famous Lunch Room Co., 100 N.J. Eq. 85 (Ch. 1926); Sherman v. Union County, etc., Co., 108 N.J. Eq. 477 (Ch. 1931); Moore v. Preiss Trading Corp., 119 N.J. Eq. 366 (Ch. 1936); affirmed, 120 N.J. Eq. 214 (E. & A. 1936); DeYoe v. Harper Brothers, Inc., 121 N.J. Eq. 599 (E. & A. 1937).
Moreover the consideration must be completely revealed. Lion Shoe Co. v. Price, 108 N.J. Eq. 553 (Ch. 1931); Atzingen v. Ottolino, 124 N.J. Eq. 510 (Ch. 1938).
The circumstances constituting the transaction in the present case are indubitable and decisive. It will suffice to relate them concisely.
The mortgagors, Mr. and Mrs. Kessman, were conducting a bakery in Manville, New Jersey. On November 9, 1946, they executed and delivered to Frank Simon, Beckie Simon, Hyman Simon, Rose Simon, Samuel Sherman, and Sylvia Sherman a chattel mortgage encumbering their machinery, trade fixtures, and stock of merchandise to secure an indebtedness of $81,477.36, of which there is now due the sum of $40,000 with accumulated interest from November 9, 1946, *394 at six per centum. The mortgage was promptly recorded and its validity is not impugned. On July 15, 1947, the chattels as well as the premises were damaged by fire. The Kessmans thereafter, with the acquiescence of the mortgagees, undertook with the proceeds of the insurance to replace the machinery and stock thus injured or destroyed and to repair the demised premises. The contemplated restoration necessitated an expenditure in excess of the insurance moneys available for the purpose, and consequently they resolved to apply for a loan from Manville Bakery, Incorporated.
The negotiations to obtain a loan of $17,000 from Manville Bakery, Incorporated, to be secured by a first lien on the restored chattels progressed favorably. To enable the Kessmans to procure the desired loan the Simons and the Shermans entered into an agreement on February 25, 1948, with Manville Bakery, Incorporated, the object of which is exposed by the following quotations:
"WHEREAS, JULIUS KESSMAN and TILLIE KESSMAN, owners of the bakery business at No. 120 South Main Street, Manville, New Jersey, have applied to the party of the second part for a loan to replace the mortgage held by the party of the second part covering the above bakery business in the sum of $17,000 to be secured by a chattel mortgage covering the said bakery business and all the chattels contained therein and to be placed therein, including trucks, and
"WHEREAS, the party of the first part is now the owner and holder of certain notes made by JULIUS KESSMAN and TILLIE KESSMAN to the party of the 1st part, and secured by chattel mortgage made by the said JULIUS KESSMAN and TILLIE KESSMAN to the party of the first part, dated November 9th, 1946, and recorded in the office of the Clerk of Somerset County on November 12, 1946 in Book 73, page 1, and
"WHEREAS, the party of the second part has refused to make said loan to the said JULIUS KESSMAN and TILLIE KESSMAN and to accept said chattel mortgage to be made by JULIUS KESSMAN and TILLIE KESSMAN to the party of the second part unless the lien of the chattel mortgage held by the party of the first part is subordinated to the lien of the mortgage to be made by TILLIE KESSMAN and JULIUS KESSMAN to the party of the second part in the sum of $17,000.00 and interest,
"NOW, THEREFORE, in consideration of the premises and to induce the said party of the second part to make said loan and accept the notes and chattel mortgage, and of One Dollar ($1.00) paid to said party of the first part by said party of the second part, the receipt whereof is hereby acknowledged, the said party of the first part hereby *395 covenant and agree with the said party of the second part that said chattel mortgage held by the party of the first part is and shall continue to be subject and subordinate in lien to the prior lien of the said chattel mortgage for $17,000 about to be given to the party of the second part by JULIUS KESSMAN and TILLIE KESSMAN, it being the intention of the parties hereto that the aforesaid chattel mortgage of the party of the first part shall be a lien subsequent in every particular to the aforementioned chattel mortgage of the party of the second part in the sum of $17,000.00 and interest about to be made to the party of the second part herein."
Incidentally, I observe that the Simon-Sherman mortgage does not provide that it shall be a lien upon any chattels other than those therein particularly mentioned and described.
The consummation of the new loan was, however, delayed because of the persistent disinclination of the president of Manville Bakery, Incorporated, to advance the money until he was satisfied that the machines and other bakery appliances had been completely repaired.
The parties ultimately assembled on July 15, 1948, whereupon the Kessmans executed the chattel mortgage here implicated. Mr. Joseph Onka, Sr., the president of the mortgagee, and the affiant named in the affidavit, presented two checks, the one in the amount of $10,000 which he delivered to the mortgagors, the other in the sum of $7,000 which he induced the mortgagors to endorse and forthwith return to him. He was not yet persuaded that the contemplated repairs and restorations of the property had been fully accomplished, and he expressed his intention to withhold the $7,000 and no less, until the security warranted its advancement.
The eventualities are interesting and significant. The Kessmans, it is said, were desperately in need of funds. On August 5, 1948, Mr. Onka yielded reluctantly and rewarded their overtures by a payment of $2,000 in cash. It was not until November 16, 1948, that Mr. Onka in company with one or both of the mortgagors visited the bank, caused the endorsed $7,000 check to be cashed and surrendered $5,000 of the proceeds to the mortgagors.
The chattel mortgage and the subordination agreement were both recorded in the clerk's office of Somerset County on July 16, 1949.
*396 However the conduct of Mr. Onka is to be viewed, it is evident that the statement in his affidavit that "the true consideration of said mortgage is the sum of $17,000 loaned this day by the Manville Bakery, Incorporated, to Julius Kessman and Tillie Kessman, the mortgagors named in the foregoing mortgage" was in fact false and in effect deceptive. "Honesty is not alone the determinative; completeness of statement is also a prerequisite." Bigel v. Brandtjen & Kluge, Inc., 131 N.J. Eq. 119 (E. & A. 1942). Moreover, the intention to make an installment loan contingent upon future enhancements in the value of the mortgaged property was in no wise revealed.
Indeed, Mr. Onka, upon interrogation, frankly acknowledged that he would not have loaned $17,000 to the mortgagors on the security in the condition in which it existed at the time of the execution of the mortgage
The affidavit must be true as of the date of the recording of the mortgage. Tingley v. International Dynelectron Co., 74 N.J. Eq. 538, 545 (Ch. 1908), affirmed, 76 N.J. Eq. 337 (E. & A. 1909); Stanber v. Sims Magneto Co., 98 N.J. Eq. 38 (Ch. 1925), affirmed, sub nom. Heine v. Hayden, 99 N.J. Eq. 455 (E. & A. 1926).
The mortgage, as declared by statute, is void as to creditors. R.S. 46:28-5. Nor can it be sustained against creditors in the amount of $10,000 actually loaned on July 15, 1948. It is completely, not partially, void as to them. Collerd v. Tully, 78 N.J. Eq. 557 (E. & A. 1911); Wisner Mfg. Co. v. Second National, etc., Co., 111 N.J. Eq. 535 (Ch. 1932).
It is, however, familiar law that a chattel mortgage which has been adjudged to be invalid because of the falsity or insufficiency of the statutory affidavit, remains valid as between the parties to it. Williamson v. New Jersey Southern R. Co., 26 N.J. Eq. 398 (Ch.); Fidelity Trust Co. v. Staten Island Clay Co., 70 N.J. Eq. 550 (Ch. 1905); W.D. Cashin & Co. v. Alamac Hotel Co., 98 N.J. Eq. 432, 443 (Ch. 1925); Seacoast Finance Corp. v. Cornell, 104 N.J.L. 24 (Sup. Ct. 1927).
*397 It is stipulated that there is an unpaid balance of $15,250 together with interest from February 15, 1949, owing to the mortgagee Manville Bakery, Incorporated.
In the circumstances, the judgment creditor, Jarecki, has a judgment for $2,926.36 and $15 costs. He has the paramount lien on the property to the extent of his debt, which is for a less sum than that owing on the chattel mortgage of Manville Bakery, Incorporated, and will take precedence to that extent only.
Equitably the holders of the so-called Simon-Sherman chattel mortgage have no just claim to superior consideration. The mortgagees named in that mortgage expressly agreed for a consideration and to induce the granting of the new loan, that the mortgage of Manville Bakery, Incorporated, should be a prior lien. The Simon-Sherman mortgage is subordinate to the lien of the Manville Bakery mortgage for the difference between the amount due on the Manville Bakery mortgage and the amount of the judgment creditor's lien. Hoag v. Sayre, 33 N.J. Eq. 552 (E. & A.); Perrine v. First National Bank, 55 N.J.L. 402 (Sup. Ct.); Cumberland National Bank of Bridgeton v. Baker, 57 N.J. Eq. 231 (Ch. 1898).
Judgment in accordance with these conclusions.