Speiden *v.* Parker.

WILLIAM SPEIDEN receiver, appellant,

*v.*

RICHARD WAYNE PARKER, trustee, respondent.

RICHARD WAYNE PARKER, trustee, appellant,

*v.*

WILLIAM SPEIDEN, receiver, and MOUNT MORRIS BANK, respondents.

1. In order to establish a claim to chattels as fixtures, a mortgagee of real estate must show (1) that the chattels were actually annexed to the realty, or something appurtenant thereto; (2) that they were applied to the use or purpose to which that part of the realty, with which they were connected, was appropriated, and (3) that the person who annexed them intended to make a permanent accession to the freehold.

2. Railroad cars are not fixtures.

On appeal from an order of the chancellor in the case of *John B. I. Robison* v. *Belleville Quarry Company*, dated May 31st, 1889, respecting certain property ordered to be sold by the receiver.

*Mr. J. A. Miller*, for the receiver.

*Mr. C. Parker, Jr.*, for the trustee.

The opinion of the court was delivered by

DIXON, J.

These appeals arise out of a controversy respecting the character of certain appliances used in connection with a stone quarry and dock in Franklin, Essex county. Richard Wayne Parker, trustee, claims them as part of the realty embraced in a mortgage made February 10th, 1880, by John B. I. Robison, who

then owned the land on which the quarry and dock are situate, and who placed thereon the appliances in dispute, some before and some after the making of said mortgage; and William Speiden claims them as receiver of the Belleville Quarry Company, to which Robison's title passed under his will and a grant by his devisees.

The appliances consist of three boilers, two engines, two hoisting gears, three derricks and a steam pump, with the connecting pipes, valves and pulleys, all located in or near the quarry, a railroad track laid from the quarry to the dock on the Passaic river, the cars run on the track for transporting stone from the quarry to the dock, and two derricks at the dock used for transferring the stone from the cars to boats.

The question for decision is, whether these appliances are to be deemed fixtures as between mortgagee and mortgagor.

In order to establish his claim, the mortgagee of the realty must show (1) that the chattels were actually annexed to the real estate, or something appurtenant thereto; (2) that they were applied to the use or purpose to which that part of the realty, with which they were connected, was appropriated, and (3) that Robison, in annexing them, intended to make a permanent accession to the freehold. *Blancke* v. *Rogers, 11 C. E. Gr. 563; Williamson* v. *New Jersey Southern R. R. Co., 2 Stew. Eq. 311.*

In our judgment, these requisites are proved with regard to all the appliances except the cars. It is unnecessary to go into details as to each article. All of the stationary apparatus was actually fastened to the ground; it was used directly in the quarrying and shipping of stone, the only purposes to which the real estate was put, or for which it seems to have been valuable; and it had been attached to the land by the owner of the fee, no doubt, with an intention that it should remain there till it was worn out in a business which was likely to consume it utterly.

The cars, however, were not annexed to the freehold, and remained personal property. *Williamson* v. *New Jersey Southern R. R. Co., 2 Stew. Eq. 311.*

The result is, that the portion of the chancellor's decree from which Speiden appeals should be affirmed, and the portion from

which Parker appeals should be reversed so far only as relates to the derricks and steam pump in and near the quarry, with their appurtenances.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, DIXON, GARRISON, KNAPP, MAGIE, VAN SYCKEL, BROWN, CLEMENT, COLE, SMITH WHITAKER—11.