HENRY J. HUNT

*v.*

EDWARD I. LUDWIG et al.

[Submitted January 10th, 1922.   Decided January 28th, 1922.]

1. In stating the consideration for a chattel mortgage in an affidavit annexed thereto, as required by statute (*1 Comp. Stat. p. 463 § 4*), substantial compliance with the statute is all that is necessary, and it is sufficient if the affidavit discloses the nature of the debt, its cause and how it came into existence.

2. An affidavit attached to a chattel mortgage stating that the consideration was the unpaid price of goods described, some of which were purchased from others as stated in the schedule, was insufficient as a

statement of the nature of the consideration, though it would have been sufficient if the latter statement had been omitted, so that it could be implied therefrom that the goods were sold by the mortgagee.

3. Where the affidavit required by the statute as to the nature of the consideration for a chattel mortgage is insufficient, the true consideration cannot be established by extraneous circumstances.

4. Where a chattel mortgage included by mistake an amount owed by the mortgagor which was secured by another chattel mortgage, as might legally have been done, an affidavit stating the consideration to be the total amount of both debts was a false statement of the consideration which invalidates the mortgage as against creditors.

5. The affidavit annexed to a chattel mortgage must truthfully state the consideration, and a substantial deviation from the truth, however honestly made, will invalidate the mortgage as against creditors.

On final hearing.

*Messrs. Lehlbach & Van Duyne,* for the complainant.

*Mr. Herman Krohn,* for the defendants.

BACKES, V. C.

The bill in this case is to foreclose a chattel mortgage given by Edward and Virginia Ludwig to Hunt, the complainant, dated January 8th, 1921, and recorded two days thereafter in the register's office of Essex county. The mortgage is for $3,583.52 and the articles covered are listed in the schedule attached to the mortgage in groups under three captions, thus: "List of goods purchased from 'The Co-Operative Kitchen' and not removed from No. 8 Hillside Avenue, Montclair, N. J., up to and including January 1, 1921," and "List of goods purchased from 'The Georke Co.' by Edward Ludwig; now at the 'Whileaway Inn,' No. 8 Hillside Avenue, Montclair, N. J.," and "List of goods bought by Edward Ludwig from other firms for cash and now at the 'Whileaway Inn,' No. 8 Hillside Avenue, Montclair, N. J."

The statutory affidavit annexed to the mortgage states "that the true consideration of said mortgage is as follows, viz.: Unpaid purchase price on goods and merchandise described in schedule annexed. Some of said goods being purchased from others as stated in said schedule."

Rochlin & Brothers, the judgment creditors of the mortgagors, with execution levied upon the mortgage chattels, attack the validity of the chattel mortgage on the ground of the insufficiency of the affidavit, and because of its falsity as to the true consideration and the amount stated to be due thereon.

The statute declares chattel mortgages absolutely void as against creditors of the mortgagor, when there is no immediate delivery followed by an actual and continued change of possession of the things mortgaged, unless the mortgage be recorded, having annexed thereto an affidavit made by the holder or his agent, "stating the consideration of said mortgage, and, as nearly as possible, the amount due and to grow due thereon." *Comp. Stat. p. 463 § 4.*

In stating the consideration, legal nicety is not demanded. An honest and substantial compliance with the requirements of the statute is all that is necessary, and if the affidavit in some fashion discloses the nature of the debt owing by the mortgagor to the mortgagee, viz., the price of the debt, the cause of the indebtedness, how the debt came into existence, it will be sufficient; but that much must be clearly shown. If this be not found in the affidavit proper, or in the affidavit read in connection with the body of the mortgage, then the mortgage must fall as to creditors. The affidavit does not in this respect meet the requirements of the statute. If it had been therein stated that the consideration was "unpaid purchase price on goods and merchandise described in schedule annexed hereto," and had stopped there, and the statement were true, it would have been sufficient (*Metropolitan Fixture Co.* v. *Albrecht, 70 N. J. Law 149*), for, while it even then would not have stated from whom the goods and merchandise were purchased, and to whom the debt was due, the fair inference would be, reading the affidavit in connection with the mortgage, that the mortgagor purchased the goods from the mortgagee and did not pay for them and that there was a balance due. *Black* v. *Pidgeon, 70 N. J. Law 802; Shupe* v. *Taggart, 93 N. J. Law 123.* But when we read the words added to those just quoted, "some of said goods being purchased from others as stated in said schedule," with the schedule, which recites that all of the goods were purchased, some from "The Co-

Operative Kitchen," some from "Goerke & Co.," and some from other firms for cash, and none from the mortgagee, the affidavit is meaningless, or, at most, it implies that the unpaid purchase price was or had been owing to the Co-Operative Kitchen and to Goerke & Company, and there is nothing from which it may be inferred that these debts came to the mortgagee. There is nothing in the body of the mortgage to piece out this deficiency.

The circumstances leading up to the execution of the mortgage were proved at the trial with a view to establishing the *bona fide* of the transaction and the true consideration, but the true consideration cannot be established *aliunde*. It must be found in the affidavit annexed to and recorded with the mortgage.

There is another and formidable objection. The affidavit does not state the true consideration. It appears by the evidence that the mortgage was intended to secure the purchase price of the goods described in the schedule under the first caption "Goods purchased from 'The Co-Operative Kitchen,'" which were sold by Hunt to the Ludwigs for $3,035.02. At the time Edward Ludwig owed Hunt another debt of $548.50, for which he held a chattel mortgage on goods other than those in suit, and that debt was included, by mistake, in the mortgage under foreclosure. There was no legal reason why it should not have been included and Hunt have the benefit of the double security, but the affidavit states that the true consideration was the unpaid purchase price of the goods mentioned in the chattel mortgage, whereas, in truth, taking the mortgage at its face value, $3,583.52, the purchase price of the goods mentioned in the schedule was not the sole consideration—the debt secured by the $548.50 was a part. And, on the other hand, treating the mortgage as one for $3,035.02, then, plainly, the averment that "there is due on said mortgage the sum of $3,583.52" was untrue. The variance is substantial and fatal.

The change in the judicial attitude regarding the statutory affidavit, that an honest and substantial compliance, rather than a technical adherence, is all that is required, indicated first in *Metropolitan Fixture Co.* v. *Albrecht, supra,* and emphasized later in *American Soda Fountain Co.* v. *Stolzenbach, 75 N. J. Law 721,* and *Howell* v. *Stone, 75 N. J. Eq. 289,* marked no re-

laxation of the rule established by the cases that the affidavit must truthfully state the consideration, and that a substantial deviation from the truth, however honestly made, will invalidate the mortgage as against creditors. *Boice* v. *Conover, 54 N. J. Eq. 531; Miller* v. *Gourley, 65 N. J. Eq. 237; Tingley* v. *International Dynelectro Co., 74 N. J. Eq. 538; affirmed, 76 N. J. Eq. 337; Bollschweiler* v. *Packer House Hotel, 83 N. J. Eq. 459; affirmed, 84 N. J. Eq. 502.* In *Boice* v. *Conover* it was claimed that the misstatement was the result of an honest mistake, but Vice-Chancellor Emery said that "the question is one of the construction of a statute which defines what the affidavit must contain and makes no exception or allowance for mistakes."

In *Bollschweiler* v. *Packer House Hotel* the consideration was stated to be a loan when, in fact, it was a loan and a contract. Vice-Chancellor Emery held the mortgage to be void for failure to state the whole consideration. A true statement of the amount due or to grow due on the chattel mortgage is an essential requisite of the affidavit, and a substantial variance renders the mortgage void as against creditors.

A decree will be advised declaring the mortgage void as against the judgment creditors.