Application is made by Roseville Wet Wash Laundry, holder of a chattel mortgage covering assets of the above named insolvent defendant corporation, for leave to foreclose. Counter application is made by the receiver for an order to sell the assets free and clear of the lien of the chattel mortgage; on the ground that the legality of the mortgage is attacked and the assets are likely to deteriorate.
The attack made by the receiver on the validity of the chattel mortgage is threefold — (1) that the mortgage was not recorded immediately as required by statute; (2) that the affidavit as to the consideration therefor is defective; (3) that the mortgage is not properly acknowledged or proved and hence its record is without legal effect and void.
As to (1): The mortgage was recorded October 11th, at three-eight P.M., whereas the acknowledgment thereto is dated October 9th. Affidavits, however, by both the president of the mortgagee and the lawyer who acted for the mortgagor in the matter, show that the transaction between the parties (sale of the assets to, and the giving back of the chattel mortgage and other consideration by, the defendant corporation), was not completed until two P.M. on October 11th. There is no contradiction. The recording was immediate.
As to (2): It appears that the chattel mortgage in question was given pursuant to, and as a part of the performance of, the provisions of a contract whereby the mortgagor purchased from the mortgagee, the laundry business, assets (real and personal) and good will of the business formerly owned and carried on by the mortgagee. The receiver contends that the affidavit to the mortgage does not set forth the true and complete transactions and is therefore fatally defective — under the authority ofBollschweiler v. Packer House Hotel *Page 518 Co., 83 N.J. Eq. 459; 91 Atl. Rep. 1027; affirmed, 84 N.J. Eq. 502; 95 Atl. Rep. 549, and Hunt v. Ludwig, 93 N.J. Eq. 314;116 Atl. Rep. 699.
The requirement of the statute (1 Comp. Stat. p. 463 § 4) is that the affidavit shall state the consideration for the mortgage, and as nearly as possible the amount due and to grow due thereon. It must state with substantial correctness the amount of the indebtedness and the nature of the debt — the way in which it arose. Hunt v. Ludwig, supra. In theBollschweiler Case it appeared that $4,000 was loaned by the mortgagee to the mortgagor for the purpose of enabling him to pay part of the purchase price of the goods, and the mortgagee also endorsed a note of the mortgagor's for another $4,000. The mortgage was for $8,000, and it was given to secure not only the loan and endorsement but also the performance by the mortgagor of a contract to purchase goods in the future exclusively from the mortgagee and the payment for such purchases. It was held that this contract was an essential part of the consideration for the mortgage, and no mention being made thereof in the affidavit, the affidavit was fatally defective under the statute. In Hunt
v. Ludwig, the affidavit stated that the debt arose as being unpaid purchase price of goods purchased by the mortgagor from a third party, when in fact it was the mortgagee who had purchased from the third party and the mortgagor had purchased from the mortgagee.
The instant case is not similar to either of the cited cases. The affidavit states the sale by the mortgagee to the mortgagor of real estate and the personalty covered by the mortgage; states that the balance of indebtedness due from the mortgagor is $19,671.12 and that the mortgagor gives the chattel mortgage of $8,000, in addition to a real estate mortgage of $19,671.12, to secure this indebtedness of $19,671.12 — that both mortgages are given to secure the one indebtedness and are purchase-money mortgages. The proofs show that the statements are true; and it is deemed that they adequately and correctly set forth the consideration and the way the indebtedness arose. The fact that the affidavit *Page 519 
does not set forth the entire consideration for the sale, nor how the difference, between the purchase price for the sale and the indebtedness remaining due, was paid, is not material. SeeGraham Button Co. v. Spielmann, 50 N.J. Eq. 120;24 Atl. Rep. 571.
As to (3): The instrument is not acknowledged but proved before a master in chancery. The certificate of the latter is as follows:
"State of New Jersey, County of Essex, ss.
Be it remembered, That on this 9th day of October in the year One Thousand Nine Hundred and Thirty-three, before me, the subscriber, a Master in Chancery of New Jersey, personally appeared, Nathan Cohen, who being by me duly sworn on his oath, says that he is the Secretary of the Dainty Quality Laundry Corp., the mortgagor named in the within mortgage; that Maurice Levy is the President of said corporation, that deponent well knows the corporate seal of said corporation; and the seal affixed to said mortgage is such corporate seal and was thereto affixed and said mortgage signed and delivered by said President as and for his voluntary act and deed and as and for the voluntary act and deed of said corporation; in the presence of deponent, who thereupon subscribed his name thereto as witness.
 LOUIS K. PRESS, A Master in Chancery of New Jersey."
The receiver's contention is that this is fatally defective because it does not certify that the contents of the instrument were made known to the witness, and because it lacks the signature of the witness. Neither contention is sound.
The requirement of the Chattel Mortgage act (1 Comp. Stat. p.468 § 6) is that the execution of the instrument shall be acknowledged or proved and that such acknowledgment or proof shall be certified on the instrument in the manner prescribed by the Conveyance act. The requirements of the latter act (2 Comp.Stat. p. 1534), in this behalf are found in section 22 thereof (see, also, section 52). These requirements, as to acknowledgment, are separate and different from those as to proof. The certificate sub judice in nowise purports, nor is contended, to be an acknowledgment. The question is, therefore, is it sufficient as a corporate proof?
According to section 22 of the Conveyance act it is sufficient if it be "proved" before one of the officials named in *Page 520 
the statute, by one or more of the subscribing witnesses to the instrument, that the grantor "signed, sealed and delivered it as his voluntary act and deed;" and if a certificate "of such proof," signed by such official, be endorsed on or annexed to the instrument. For a proof by subscribing witness, no "making known the contents" is required by the statute; neither does the statute require the signature of the subscribing witness who makes the proof.
Nor is there any statute or rule of law aliunde the Conveyance act which requires either of these things. The purpose of section 22 of that act, considered by itself, is (as appears by its contents), to provide for the making of an admission or a proof of the execution of an instrument, antecedent to, and in substitution for, any proving of such execution in any court.
What is requisite by way of proof of execution of a corporate instrument, in order to accomplish the admission of such instrument in evidence in a trial? If the instrument purports to have been executed by the corporation and bears a seal which is shown by competent evidence to be the corporate seal of that corporation, adequate prima facie proof is made. Robertson v.Burstein, 105 N.J. Law 375 (at p. 379); 146 Atl. Rep. 355.Cf., also, Den, ex dem. Tours v. Vreelandt, 7 N.J. Law 352, and Den, ex dem. Osborne v. Tunis, 25 N.J. Law 633 (at pp.658, 659).
The certificate now sub judice certifies that this proof was made before the officer, and as well also that the additional proof required by section 22 of the Conveyance act. One who knows the corporate seal of the corporation is obviously a competent witness to prove that the seal in question is the seal of the corporation; and one who is secretary of the corporation is certainly prima facie one who knows its corporate seal. The instrument purports to have been executed and signed by Maurice Levy as president and Nathan Cohen as secretary of the corporation, and to bear the corporate seal. The master certifies that Nathan Cohen appeared before him, was duly sworn and said (testified) that he, the person testifying, is the secretary of the corporation and that Maurice *Page 521 
Levy is the president; that he (the person testifying) well knows the corporate seal of the corporation; that the seal affixed to the mortgage is the corporate seal of the corporation; that that seal was affixed to the mortgage and the mortgage signed and delivered by the president as and for his voluntary act and deed, and the voluntary act and deed of the corporation; all in the presence of the deponent (thus showing he has personal knowledge) and that he, the deponent, thereupon signed his name to the mortgage as witness (thus proving that he is the subscribing witness).
The certificate therefore complies with all the legal requirements, and the recording of the mortgage was proper and valid.
It is not necessary, in proving a deed in court, that the witness shall sign his testimony; it is not required by the statute that he shall sign his testimony or the certificate; hence the lack of such signature (notwithstanding that such signature may well be advisable and is provided for in some forms of certificates) is not material. Neither is it required by the statute that the officer taking the proof shall first make known to the witness the contents of the instrument; hence the lack of certificate to that fact is not material.
Since there appears no likelihood that the receiver can be successful in any suit to set aside the chattel mortgage, this court would not be warranted in making an order for sale free and clear of the lien thereof pending any such suit; nor in denying leave to the mortgagee to foreclose his lien, because of anything appearing in the proofs in opposition to his petition in that behalf. *Page 522