In this suit, the question is as to whether certain property on which one of the defendants holds chattel mortgages is subject to a prior mortgage on real estate. The Castle Piece Dyeing Company executed a mortgage on its real estate in 1929, which included by its term:
"Included in and made a part of this mortgage are the following articles which is to be considered as fixtures and belonging to and being a part of the land and premises and building thereon and the appurtenances thereto heretofore described as follows: All boilers, pumps, motors, fans and other machinery appertaining to and forming a part of the premises aforementioned."
Subsequently, the dyeing company purchased certain other machinery on conditional bill of sale, and still later executed two chattel mortgages, one direct to defendant Peter Cammarano and the other of which he became the owner by assignment. *Page 382 
In my opinion, the articles enumerated in the foregoing clause of the mortgage became fixtures because of the express intention of the parties at the time to so consider them. When the other machinery was subsequently installed, it sufficiently appears that they were articles which could be readily removed, and further that the reservation of title, until paid for under the conditional bill of sale under which they were purchased, indicates clearly an intention that they should not be fixtures. In view of the fact that these articles were installed after complainant's mortgage negatives any idea of an estoppel by reason of any reliance by complainant upon these articles as security.
I think it sufficiently appears from the testimony that the machinery other than that as specified in the real estate mortgage and expressly made fixtures by the terms thereof, were either not attached to the premises at all or could be readily removed. Bank of America National Association v. La ReineHotel Corp., 108 N.J. Eq. 567, and McDonald v. H.B. McDonaldConstruction Co., 117 N.J. Eq. 181.
A decree will be advised in accordance with this opinion.