The bill of complaint in this case was filed to foreclose a mortgage. It alleges that the Hawthorne Fuel Ice, Inc., gave a bond in the principal sum of $34,000 to the Hawthorne Ice Company secured by a mortgage; that the bond and *Page 316 
mortgage by mesne assignments were assigned to complainant; that on November 15th, 1942, a payment of $1,000 on account of the principal came due together with six months' interest; that the installment of principal was tendered but that no part of the interest was paid within the time limited and that the complainant has, therefore, elected that the whole principal sum together with interest is now due.
The mortgage covers certain lands in the Borough of Hawthorne, Passaic County, on which there is erected an artificial ice manufacturing plant fully equipped with the necessary machinery to conduct the business. The mortgage describes the land and then contains the following clause:
"And also, * * * to whatever extent, (if any) the items about to be mentioned may be deemed personal chattels, rather than a part of the aforesaid freehold * * * all the articles, machinery, tools, implements and appliances, of whatever kind whatsoever, used or designed to be used in the manufacture of ice, which are now in, upon, or about said premises and the building or buildings thereon erected, and specifically the following:"
The mortgage enumerates various compressors, pumps and other machinery and equipment in the plant. It was recorded both as a real estate and as a chattel mortgage.
The answer sets forth that the artificial ice plant is a single and integrated unit forming part of the freehold and, therefore, the mortgage must be deemed to be a real estate mortgage; and that since there is no contrary provision contained therein, the defendant is, by virtue of the statute, R.S. 54:4-33, "entitled to credit on the interest payable on the mortgage for so much of the tax as is equal to the tax rate applied to the amount due on the mortgage." It further alleges that during the interest period, defendant paid to the Borough of Hawthorne, by way of taxes on said premises, a sum greater than that which would be due for interest, and that under the above mentioned statute, no interest payment was due on November 15th, 1942. By way of counter-claim, the defendant prays that the respective rights and liabilities of the parties be declared and adjudicated, under authority of R.S. 2:26-68 et seq.
The building in question appears to have been specifically constructed for the purposes of manufacturing artificial ice *Page 317 
and the installation of the equipment therein was designed to carry out that purpose.
In the case of Knickerbocker Trust Co. v. Penn Cordage Co.,66 N.J. Eq. 305, Chief-Justice Gummere, speaking for the Court of Errors and Appeals, said that:
"Whenever chattels have been placed in, and annexed to, a building by their owner as a part of the means by which to carry out the purposes for which the building was erected, or to which it has been adapted, and with the intention of permanently increasing its value for the use to which it is devoted, they become, as between the owner and his mortgagee, fixtures and as much a part of the realty as the building itself. And this is true notwithstanding that such chattels may be severed from, and taken out of, the building in which they are located without doing any injury either to them or to it and advantageously used elsewhere, and notwithstanding that the building itself may thereafter readily be devoted to a use entirely different from that which was contemplated when the annexation was made."
It is apparent that the owner of the building adapted it to the specific use for which it was constructed and equipped. From the facts in the case, it appears that it was the intention of the owner that such use be permanent so as to have the effect of converting the chattels into fixtures forming a part of the realty. In the case of Feder v. VanWinkle, 53 N.J. Eq. 370,
the Court of Errors and Appeals said that such an intention was shown when,
"The various appliances were actually annexed to the freehold. They were fitted for and applied to the use to which the real estate was appropriated, all being designed for and necessary to the prosecution of a common purpose. Thus the machinery and land became unified and incorporated together as a whole.
"The business has been carried on for fourteen years, and save for business disaster might, and probably would, have been prosecuted indefinitely. The machinery employed, the mode of its annexation and manner of its use, in connection with the realty as an entirety, indicated not a temporary but a permanent accession."
The foregoing doctrine of the law of fixtures is presently *Page 318 
called the "institutional theory" and is often regarded as a modern development. However, as appears from the cases above, it is not of recent origin. The misconception arises from the fact that the doctrine has recently been restated under a new name in the recent cases dealing with conditional sales contracts.
I have reached the conclusion that the mortgage in question is a real estate mortgage. This being so, the mortgagor is entitled, under R.S. 54:4-33 to claim a credit against the interest according to the statute. See Hartshorne v. Avon-by-the-Sea,75 N.J. Law 407.
The statute permits the parties to provide otherwise, and the ordinary mortgage contains a provision whereby the mortgagor waives the right to a credit or abatement for taxes. Here, however, there was no such provision in the mortgage. Complainant makes no claim that such a provision was omitted by mistake nor does it seek a reformation of the instrument. It, therefore, follows that since the defendant paid taxes in an amount which is in excess of the interest accrued as of November 15th, 1942, the mortgage is not in default and complainant cannot foreclose. The bill of complaint will, therefore, be dismissed.
Under the Declaratory Judgment Act, R.S. 2:26-68 et seq., the decree may define the respective rights of the parties in accordance with the foregoing conclusions.
Complainant cites the case of City of Newark v. Merchants'Insurance Co., 55 N.J. Law 145. That case is distinguishable from the case in question. The court there held that the mortgages were not real estate mortgages but were in fact mortgages upon commingled real and personal property for the reason that they covered the rolling stock and equipment of several street railway companies as well as the real estate. As appears from what I have said above, the situation in the pending case is very different.
Complainant also argues that consideration should be given to the fact that the Borough of Hawthorne assessed the land and buildings as realty and the machinery and equipment as personalty. The manner in which the municipality treated the fixtures is not controlling in this court in the pending case.
I will advise a decree in accordance with these views. *Page 319