This matter comes before me on a motion by the defendants to dismiss the bill of complaint.
The bill of complaint is to foreclose a mortgage on the defendant's premises for an alleged default in the payment of interest and to reform the mortgage by incorporating therein a provision whereby the mortgagor would waive the right to a credit or deduction from interest or principal by reason of the payment of taxes assessed against the premises. The defendants, the Hawthorne Fuel and Ice, Inc., and the two subsequent mortgagees, who are defendants, moved to dismiss the bill.
One of the grounds relied upon is that the complainant failed to amend its bill as required by an order advised by me on January 26th, 1945.
In a previous proceeding between the parties, Arco Co. v.Hawthorne Fuel and Ice, Inc., 135 N.J. Eq. 315, I held that since there was no clause waiving the right to deduct the taxes, the defendant Hawthorne Fuel and Ice, Inc., was entitled to credit the payments against the amount due for interest, and dismissed the bill. The decree in that case was affirmed on appeal, 136 N.J. Eq. 514.
From the affidavits filed in this motion, it appears that the alleged default in interest (as of May 15th, 1944) which is relied upon to support the present bill of complaint did not, in fact, occur, so that no action to foreclose can be maintained.
The final decree in the previous suit, above mentioned, provides that the Hawthorne Fuel and Ice, Inc., shall be entitled to a credit on the interest payable on the mortgage "* * * *Page 99 
for so much of the tax as is equal to the tax rate applied to the amount due on the mortgage." This part of the decree followed the statute, R.S. 54:4-33. The mortgage carries interest at the rate of three per cent. The local tax rate is $4.23 per $100. It is, therefore, obvious that as long as the tax rate is higher than the interest rate, the mortgagor, upon payment of the taxes, will not be required to pay any interest on the mortgage.
The previous suit stands as a bar to so much of the present bill as seeks to reform the mortgage by incorporating therein the customary clause waiving the provisions of R.S. 54:4-33. In that suit the situation was identical to that pleaded here except that the alleged default there claimed was as of the interest date of November 15th, 1942, and the defendants pleaded the benefit of the statute, above mentioned, in defense.
As I noted in the opinion in the previous proceedings, the complainant made no contention that the waiver clause was omitted by mistake nor did it seek a reformation of the mortgage. It is now too late to ask for reformation with respect to the claimed inadvertent omission. In the case of Rosenstein v. Burr,80 N.J. Eq. 424 (at p. 429), the court said:
"* * * parties ought not to be given the opportunity to split up their causes of action or their defenses and attempt to hold them in reserve for purposes of attack or defense in future litigation, for the reason that it is to the interest of the state that there should be an end to litigation."
The above language was cited with approval by the Court of Errors and Appeals in Nuzzi v. U.S. Casually Co.,121 N.J. Law 249 (at p. 260).
While complainant did not comply with the order which I advised on January 26th, 1945, I think the bill of complaint should be dismissed for the reasons above stated.
I will allow solicitor of the defendant Hawthorne Fuel and Ice, Inc., a counsel fee of $350, and the solicitors of the other defendants who appeared in the matter, $50 each. *Page 100