## THE CHANCELLOR OF THE STATE OF NEW JERSEY

*v.*

## ARTHUR R. CRUSE et al.

[Submitted April 14th, 1914.   Decided April 24th, 1914.]

1. Chattels to become realty as between a mortgagee thereof and a subsequent mortgagee of the chattels, must be actually annexed to the real estate or something appurtenant thereto with the intention of making a permanent accession to the freehold, and must be applied to the use or purpose to which that part of the realty with which they are connected is appropriated.

2. Machinery installed in a building used as an engineering and machine shop and factory · for the manufacture and fabrication of iron and steel materials and construction work, which was fitted for and intended to be and was used by the owner in carrying on such business, and for that purpose was affixed to the ground and building, though removable without injury to the real estate, was a part of the realty as between a mortgagee of the realty and a subsequent mortgagee of the machinery, as it was an integral part of a common plant forming with the building a unit for the prosecution of a common purpose, and was undoubtedly intended to remain indefinitely as a permanent accession to the freehold.

*83 N. J. Eq.*          Chancellor *v.* Cruse.

On petition for injunction.

*Messrs. James & Malcolm G. Buchanan,* for the complainant.

*Mr. William Hauser,* for the defendants.

BACKES, V. C.

This is a suit to foreclose a mortgage on real estate. Application is now made to restrain two of the defendants, who hold subsequent real and chattel mortgages, from selling or interfering with articles contained in a factory building on the mortgaged premises, and claimed by the complainant to be fixtures and subject to the lien of his mortgage.

The complainant's mortgage describes the real estate merely by metes and bounds; no definite mention is made of the articles in dispute, which consist of one twenty-horse-power boiler, one seven and one-half-horse-power motor, two drill presses, one pump, one steam engine, one Sturtevant blower, one Wall punch, one switchboard, shafting and pulleys, although they were affixed to the land when the mortgage was made. The defendants' mortgages comprise *inter alia* these articles, which they threaten to remove and sell.

The rule by which we determine articles to be fixtures involves the united application of the following requisites, which must appear in order to establish the claim of the complainant to the property as against the defendants' right under their chattel mortgage, viz.—(*a*) that the chattels were actually annexed to the real estate, or something appurtenant thereto; (*b*) that they were applied to the use or purpose to which that part of the realty with which they were connected was appropriated; (*c*) that they were annexed with the intention of making a permanent accession to the freehold.

These essentials are all present in this case. That the chattels were actually affixed to the realty is conceded. As to the intention with which they were annexed to the realty, and the appropriateness of their application thereto, there can be no serious controversy.

The building in which the machinery and appliances were

contained was used by Cruse, the mortgagor, as an engineering and machine shop and factory for the machining and fabrication of iron and steel materials and construction work. The articles in question were installed by the mortgagor and were fitted for and intended to be, and were, used by him in the carrying on of that business on the mortgaged premises, and for that purpose were affixed to the ground and building. They were removable without injury to the real estate, but this circumstance is of little moment. They were integral parts of a common plant, and with the building formed a unit for the prosecution of a common purpose. Undoubtedly, they were intended by the mortgagor to remain indefinitely, and were designed by him to be, not a temporary, but a permanent accession to the freehold. *Speiden, Receiver, v. Parker, 46 N. J. Eq. 292; Feder v. Van Winkle, 53 N. J. Eq. 370; Knickerbocker Trust Co. v. Penn Cordage Co., 66 N. J. Eq. 305; Prudential Insurance Co. v. Guild, 64 Atl. Rep. 694.*

I will advise a perpetual injunction.